## SAMPLE ET ALS v. ROYALL.

1. No summary preceedings by motion can be sustained against a sheriff and his securities for failing to return a writ of *capias ad respondendum.* The act of 1821, requiring sheriffs to return all writs and executions three days before the term to which they are returnable, does not impose any new penalties, and none but the common law liabilities then existed for failing to return an ordinary writ.

WRIT of Error to the Circuit Court of Autauga county.

This is a summary proceeding, by motion, against a sheriff and his securities, for failing to return a writ of *capias adres-*

*pondendum.* The defendants demurred to the notice and their demurrer being overruled they pleaded over, and a verdict was found against them, on which judgment was entered. The judgment entry discloses all the facts and circumstances, from which the jurisdiction of the court is to be supported or denied.

The writ of error is prosecuted by the sheriff and his securities to revise this judgment, and the assignments of error question the jurisdiction of the court to entertain the motion.

HAYNE, for the plaintiff in error, insisted that none of the legislation subsequent to the act of 1821, [Digest 279, §119,] gives any summary proceeding against a sheriff or his sureties for such a default as this. The act of 1821 was intended solely to give a new return day, and ought not to be so construed as to confound the remedies on executions, with those upon ordinary writs.

ELMORE, contra, contended that the several acts giving summary remedies against sheriffs are remedial in their nature, and ought therefore to be construed so as to advance the remedy and repress the mischief.

The act of 1821, provides that a sheriff failing to return a writ or execution three days before Court, shall be liable to all the penalties of the laws then in force for failing to return any writ or execution.

This must be construed to give the same remedy for failing to return a writ, as then existed for failing to return an execution; because the intention to give some remedy by this act is evident from its terms.

GOLDTHWAITE, J.—We are clear in the opinion that this judgment cannot be sustained. The act of 1821, under which the proceedings were instituted, is in these words— "It shall be the duty of the sheriffs of the several counties in this State to return all writs and executions to the Clerk's office from which they shall issue, at least three days previously to the term of the Court to which they shall be returnable; and if any sheriff shall fail to return any writ or execution according to the provisions of this act, he shall be liable to all the penalties provided by the laws now in force for failing to re-

turn any writ or execution to the first day of the term of the Court in which they are returnable. [Digest, 279, §119.]

This act does not give any new remedy against the sheriff; the sole change intended was in the return day of writs and executions, which was provided to be three days previous to, instead of the first day of, the Court.

We cannot perceive that there is any foundation in the terms used by the act, for the supposition that the legislature intended to give the same remedy on writs as then existed for failing to return executions; to construe the act in this manner would be to give a remedy which was not authorized by the then existing laws, and consequently would make the sheriff liable to an additional penalty, in direct opposition to the words of the act.

Let the judgment be reversed.