# Williams *v.* The State.

*Indictment for Forgery.*

1. *What writing is subject of forgery; averment of extrinsic facts.* A writing which purports to be signed by a landlord, and to be a waiver of all his rights as against the crop of his tenant, except a specified sum for rent of land and hire of a mule, and which declares *that he holds* no other claim against his tenant, will not support an indictment for forgery (Code, § 3832), without an averment of the extrinsic fact, that he had made advances to the tenant; and an averment that he "held a lien on the crop for rent and advances," is not sufficient.

From the Circuit Court of Choctaw.

Tried before the Hon. WM. E. CLARKE.

The defendant in this case was indicted for the forgery of a written instrument in these words: "I hereby waive to W. G. Bevill all my rights and immunities as landlord over Ed. Jackson's crop of the present year, for all claims I have, or may have, against the said Ed. Jackson or Henry Williams, except one bale of cotton weighing five hundred pounds, that said Ed. Jackson will owe me as land rent, and twenty-five dollars that he will owe me as mule rent for the present year. June 13th, 1888. I *holds* no *claime* on Ed. Jackson but the rent, one bale of cotton, and mule rent, 25 dollars." Signed "*Yours truly, A. M. Lewis.*" The indictment charged that the defendant, Henry Williams, with intent to injure and defraud, did falsely make, forge, &c., this writing, setting it out; "meaning thereby that one A. M. Lewis, the landlord of said Ed. Jackson, has waived his lien as such landlord on the crop of his said tenant for the year 1888, except for one bale of cotton as rent, and $25 for the rent or hire of a mule; and the grand jury aver that said A. M. Lewis was at the time, to-wit, in and during the year 1888, the landlord of said Ed. Jackson, and, as such landlord, held a lien for rent and advances on the crop of said Ed. Jackson; and the grand jury further aver that said Ed. Jackson was at the time, to-wit, in and during the year 1888, a tenant of the said A. M. Lewis." The defendant demurred to the indictment, and the court overruled the demurrer.

W. F. GLOVER, for appellant, cited *Leslie v. Hinson*, 83 Ala. 268; *Cockburn v. Washburn*, 76 Ala. 489; *Dixon v. State*, 81 Ala. 65.

[Williams v. The State.]

WM. L. MARTIN, Attorney-General, for the State, also cited *Dixon v. State*, 81 Ala. 61.

STONE, C. J.—Certain writings—a promissory note, or bill of exchange, for illustration—import on their face the creation of a pecuniary liability. So of many other written instruments, if they import legal validity. That is, if the writing shows on its face, without reference to extrinsic facts, that, if genuine, it creates, discharges, increases or diminishes a money liability, or transfers or incumbers property, or surrenders or impairs an existing valid claim to, or lien on property, then the false making of such written instrument, with intent to defraud, is, without more, forgery, and will justify a conviction of that grave offense. To fall within the rule, however, which dispenses with the averment of extrinsic facts, the writing itself must show that, if genuine, it affects some existing property right, or legal liability; for, otherwise, it fails to show its false making or utterance could defraud any one. There must be both the intention and power to defraud, or the legal offense is not committed. This principle rests on the soundest reason, and the highest authority.—*Dixon v. State*, 81 Ala. 61; 2 Bish. Cr. Law (7th Ed.), § 545.

The indictment in this case charges that Lewis, whose name it avers was forged, was the landlord of defendant, and, as such, had a lien on the crop grown on the rented premises, for any advances he had made to Jackson, or might make to him. The law creates the lien, if the relation of landlord and tenant existed, and if advances were made.—*Cockburn v. Watkins*, 76 Ala. 484. But, unless advances were made, there was no lien in fact; and a certificate that no claim or lien existed, other than that for land and mule rent, though forged, could not injure or defraud any one, and legal forgery could not be predicated of it. To make the indictment sufficient, it should have averred that Lewis had made advances to Jackson—such advances as the statute declares give him a lien.—Code of 1886, § 3056. The indictment is insufficient, and the demurrer to it should have been sustained.

Reversed and remanded.