# Jordan v. Long.

*Action on Promissory Note, by Indorsee Against Indorsor.*

1. *Waiver of exemptions in promissory note indorsed in blank; not binding on endorser.*—One who indorses in blank a promissory note containing a waiver of exemptions does not thereby waive his own exemptions of property from levy and sale under execution, as against

[Jordan v. Long.]

his liability on such indorsement. Such indorsement is not a compliance with the statutory requisites (Code, § 2568) of an efficacious waiver of exemptions as to personal property.

2. *Unauthorized alteration of contract of indorsement; effect on liability of indorser.*—The unauthorized insertion by the owner or holder of a promissory note of a waiver of exemptions over the name of an indorser is a material alteration of the contract of indorsement, and releases the indorser.

3. *Protest of promissory note; sufficiency of notary's certificate.*—The fact that, in a notary's certificate of protest, the recital of the giving of notice to an indorser was written below his official seal, and apart from the body of the certificate, does not render the certificate bad in any part.

Appeal from the Circuit Court of Lauderdale.
Tried before the Hon. JOHN B. TALLY.

The principal facts of the case are stated in the opinion. The defendant objected to the introduction in evidence by the plaintiff of the notary's certificate, on the ground indicated in the opinion, and excepted to the action of the court in overruling his objection.

SIMPSON & JONES, for appellant, cited *Lesser v. Scholtz,* 93 Ala. 338; *Montgomery v. Crossthwaite,* 90 Ala. 553; *Hood v. Robbins,* 98 Ala. 484; 2 Daniel, Neg. Inst., § 1412; *Copp v. McDougall,* 9 Mass. 7 : 2 Am. & Eng. Encyc. of Law, 384; *Kennon v. McRae,* 7 Porter, 180; *Noble v. Walker,* 32 Ala. 456; Tiedeman on Com. Paper, § 259; 2 Randolph, Com. Pap. § 74.

EMMET O'NEAL, *contra,* cited 2 Am. & Eng. Encyc. of Law, 385; Tiedeman on Commercial Paper, § 259; *McGee v. Bank,* 93 Ala. 194; 4 Lawson's Rights, Rem. & Pr., 2734; *Montgomery v. Crossthwaite,* 90 Ala. 563; 575; 34 Ind. 149.

McCLELLAN, J.—This is an action by Long, as indorsee, against Jordan, as an indorser of a promissory note made by F. H. Foster Manufacturing Company, a corporation, payable to F. H. Foster, and indorsed by said Foster, W. J. Flanagin, S. S. Pancoast, A. J. McGarry, and Jordan, the defendant, to the plaintiff. The complaint contains two counts. In the first it is alleged, *inter alia,* "that said note and indorsement contained a waiver of all exemptions of property, real and

personal, exempt from levy and sale under execution, or other legal process, under the laws and constitution of the State of Alabama." The second count alleges, in this connection, that said note "contains a waiver by said defendant of all exemptions of all property exempt to him from levy and sale under execution, or other legal process, under the constitution and laws of the State of Alabama." The defendant interposed a verified plea to the complaint, averring "that the contract sued on has been altered by some of the owners or holders thereof since the same was signed and delivered by this defendant, in this, that the following words have been written over the indorsement of this defendant, namely : 'The undersigned indorsers waive all exemptions under the laws of Alabama'; and the defendant avers that the said words were written over the indorsement of this defendant after the same was signed and delivered by this defendant, that this defendant indorsed the contract sued on in blank, and that said alteration, by the insertion of said words over the signature of this defendant and the other indorsers of said note, was made without the knowledge or consent of this defendant." Plaintiff demurred to this plea, assigning several grounds. All of these assignments are emasculated by the words of the plea itself, except that numbered 2, which is as follows : "That said plea shows on its face that the alterations set forth and alleged therein, if any, was made in said instrument in the indorsement thereof, was not in any material particular, or had the effect to change, or in any respect vary, the legal operation and effect of said indorsement of said instrument by the defendant, or his liability thereon and therefor ; and that the liability of the defendant as indorser of said instrument is not, in legal effect, made other or different from what it is by said indorsement without the addition of said words, if the same were added after it was signed and delivered by said defendant." The court sustained this demurrer, on the theory that, inasmuch as the body of the note itself contained a clause waiving the exemptions of the maker thereof, this waiver became a part of the contract of the indorsers, and hence that nothing was added to or taken from their obligations, rights or immunities by the subsequent insertion over their names on the back of the paper of the words, set up in the plea,

waiving their exemptions, or, in short, that their contract was not altered by the insertion of said words.

The question thus presented seems to be one of first impression. So far as we know, it has never been passed upon by any court. The contract of indorsement, however, is, of course, well defined in the books, and its terms, as so defined and universally understood, in our opinion, exclude from it a waiver of exemptions expressed in the paper indorsed. It embraces the following stipulations on the part of the indorser: *First*, that it shall be paid on due presentment and notice of dishonor; *second*, that the instrument and the signatures of all prior parties upon it are genuine; *third*, that the instrument is valid according to its purport; *fourth*, that the parties to it are competent to contract; and *fifth*, that the indorser himself has the title to the paper, and the right to transfer it.—2 Rand. Com. Paper, § 742; 2 Am. & Eng. Ency. of Law, p. 385; 1 Daniel, Neg. Instr. §§ 669a, 669b; Tied. Com. Paper, § 259. And it is equally well settled that these stipulations imported by the indorsement constitute a new contract, independent of that evidenced by the contract of the maker of the note, based upon a new and independent consideration, and imposing liabilities and obligations on the indorser which do not rest upon the maker.—2 Rand. Com. Paper, § 739; Tied. Com. Paper, § 256; Daniel Neg. Instr. § 669; Byles, on Bills, 153; *McGhee v. Importers & Traders Bank*, 92 Ala. 192, 194. Here, then, in this case are brought to light two distinct contracts,—one made by F. H. Foster Manufacturing Company, and the other by the defendant. In the former there is a stipulation waiving the exemptions of the maker (though it in reality amounts to nothing, since the maker is a corporation). The latter contains no such stipulation, nor any stipulation which could be held to embrace such waiver, even in the absence of a necessity for a waiver of exemptions to be expressed. The contract which contains the stipulation was not *executed* by the defendant. The contract which only he did *execute* does not embrace it. It is clear, we think, that these considerations, taken together with the statutory requisites of an efficacious waiver of exemptions, in effect that such waiver, if on a separate paper, must be *subscribed* by the party waiving, or otherwise must be expressed in a bond, bill of exchange, promissory note, or other written contract *executed* by

[Davis v. Jones.]

him (Code. § 2568), lead to and enforce the conclusion that one who indorses in blank a promissory note containing a waiver of exemptions does not thereby waive his own exemptions of property from levy and sale under execution, as against his liability on such indorsement. The alteration alleged in the plea—the unauthorized insertion of a waiver of exemptions over the name of this indorser—was therefore material. It added, on the face of the indorsement, a new stipulation to the defendant's contract,—and having been, as is also alleged, made by a holder or owner of the paper, it was vitiating in its effect upon the obligation of defendant's original contract, constituted a perfect defense to the action, and the court erred in sustaining the demurrer to the plea setting it up.—*Montgomery v. Crossthwaite*, 90 Ala. 553 ; *Lesser v. Scholtz*, 93 Ala. 338 ; *Hood v. Robbins & Smith*, 98 Ala. 384.

We do not think that the certificate of the notary public of presentment for payment, non—payment, and notice, was bad in any part on account of the fact that its recital of the giving of notice to the defendant was written below his official seal, and hence apart from the body of the certificate.—*Olcott v. Tioga R. R. Co.*, 27 N. Y. 546 ; L. C. 84 Am. Dec. 298.

Reversed and remanded.