# Burden *v.* The State.

*Indictment for Forgery.*

1. *Forgery; when writing not subject of forgery without averment of extrinsic facts; sufficiency of indictment.*—A writing, addressed to a certain named person, stating "the value of this chain is $10," by whomsoever signed has not, on its face, the capacity to injure or defraud, as required by the statute defining forgery (Cr. Code of 1896, § 4750); and an indictment which charges the forgery of said instrument, without averring extrinsic facts, which, when taken in connection with the paper itself, will impart to it the capacity to injure or defraud, charges no offense, and is demurrable.

APPEAL from the City Court of Selma.

Tried before the Hon. J. W. MABRY.

The appellant was indicted, tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Willie Burden, alias William Burden, with intent to injure or defraud, did falsely make, alter, forge or counterfeit an instrument in writing in words and figures substantially as follows, to-wit: 'Selma, Ala., Nov. 11th, 1897. Mr. Holmes, Selma, Ala. Dear Sir :—The value of this ` chain is $10.00 (Ten.) Yours truly, E. H. Hobbs.'

"The grand jury of said county further charge that before the finding of this indictment, Will Burden, alias William Burden, with intent to injure or defraud did utter and publish as true, a falsely made, altered, forged or counterfeited instrument in writing in words and figures substantially as follows, to-wit: 'Selma, Ala., Nov. 11th, 1897. Mr. Holmes, Selma, Ala. Dear Sir : The value of this chain is $10.00 (Ten.) Yours truly, E. H. Hobbs,' against the peace and dignity of the State of Alabama."

The defendant demurred to this indictment upon the following grounds : 1st. That said indictment charges no offense, in that the paper set out therein is not such

[Burden v. The State.]

a paper as the statute makes the subject of forgery.   2d.
That the paper set out in the indictment is not one by
which a pecuniary demand or obligation purports to be
created, and the false making of which, with intent to
defraud, is forgery.   3d. That the indictment, while
setting out the alleged forged instrument, does not set
out any writing by which, on its face, any person
could be injured or defrauded, and no extrinsic facts are
averred showing such intent to injure or defraud.   This
demurrer was overruled, and the defendant duly excepted.
The ruling upon the demurrer to the indictment is the
only question presented for review on this appeal.

MALLORY, McLEOD & MALLORY, for appellants.—The
paper alleged in the indictment to have been forged, is
the mere expression of an opinion, and not the subject
of forgery at all.   Certainly, in the absence of extrinsic
facts showing that it has the capacity to injure and de-
fraud, the indictment was faulty and the demurrer should
have been sustained.—*Williams v. State*, 90 Ala. 649 ;
*Agee v. State*, 25 Ala. 67 ; *State v. Givens*, 5 Ala. 747.

CHARLES G. BROWN, Attorney-General, for the State.—
Under the provisions of section 4720 of the Criminal
Code of 1896, "any instrument or writing being or pur-
porting to be the act of another," is the subject of for-
gery.   The indictment was, therefore, sufficient, and the
demurrer was properly overruled.—*Espalla v. State*, 108
Ala. 38.

McCLELLAN, C. J.—It may be that a writing in the
following words, viz : "Mr. Holmes ; Selma, Ala.   Dear
Sir : The value of this chain is $10.00 (Ten)."   Is the
subject of forgery under certain circumstances extrinsic
to the paper itself—even this we do not decide, how-
ever—but it is most clear that on its face this writing,
by whomsoever signed or purporting to be signed, does
not create, discharge, increase or diminish a money lia-
bility, or transfer or incumber property, or release or
impair an existing claim to, or lien upon property ; and
if extrinsic facts exist which taken in connection with
the paper impart to it a capacity to injure or defraud,
they should have been averred in the indictment.   No

such facts are alleged in this indictment, and, therefore, neither of its counts charge any offense.—*Rembert v. State,* 53 Ala. 467; *Dixon v. State,* 81 Ala. 61; *Williams v. State,* 90 Ala. 649.

The construction put upon the words "or any instrument or writing, being or purporting to be the act of another," in section 4720 of the Code, would lead to this, that if a man signed the name of another to a statement that the earth is round, or that the moon is made of green cheese, or other like entirely innocuous assertion, by means of which there is no possibility of any person being injured or defrauded, he would be guilty of forgery. The statute is not open to such interpretation, we think; and we reiterate with respect to the present form of the provision what has been many times declared by this court: A writing to be the subject of forgery must either upon its face or by reason of attendant circumstances have, upon the assumption of its genuineness, a capacity to injure or defraud.

The trial court erred in overruling the demurrer to the indictment. For this the judgment of conviction will be reversed and the cause will be remanded.

Reversed and remanded.

