# Bank of Luverne *v.* Sharp.

## *Assumpsit.*

(Decided Nov. 14, 1907. 44 So. Rep. 871.)

1. *Bills and Notes; Liability of Endorser of Non Negotiable Paper.* —The endorser of a non negotiable instrument is liable to the endorsee to the same extent as of a negotiable paper.

2. *Same; What Requisite to Charge Endorser of Negotiable Note.* —Under section 892-3-4, Code 1896, to charge an endorser of a non negotiable note the endorsee is bound to exercise the diligence required to first recover of the maker or show an excuse for not doing so unless it be waived by the endorser.

3. *Same.*—The endorser of a non negotiable instrument is liable to an endorsee who acquires the same before maturity, even where the maker cannot be held liable because of a failure of consideration.

APPEAL from Crnshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by the Bank of Luverne against C.K. Sharpe. From a judgment sustaining demurrers to the complaint plaintiff appaels. Reversed and remanded.

Action against an indorser of several promissory notes, the principal to which is not sued. The case made by the various counts of the complaint is that certain teachers executed certain notes to H. C. Tharpe, each in the sum of $9.75, and· which notes are in words and figures as follows: "$9.75. Luverne, Alabama, 1-4-1904. On or before March 1, 1904, I promise to pay to the order of H. C. Tharpe nine dollars and seventy-five cents for value received, and I do hereby authorize the county superintendent of Crenshaw county to deduct same from my salary as teacher of district No. — for the school year ending June 30, 1904." It is averred that these notes were indorsed by C. K. Sharpe, the county super-intendent of education, and that the plaintiff purchased

them from the holder, Tharpe, for valuable considera-tion. It is then alleged that the reason the maker is not sued within 30 days after maturity of said note was be-cause the suit could or would have been defeated on a plea of failure of consideration, in this: that said note was given for the purchase price of a certain book to be delivered within a reasonable time thereafter to the maker of each of the said notes by said H. C. Tharpe, and which book plaintiff avers was never delivered. There are 12 counts in the complaint, and each count declares in identical words with the other, except as to the name of the maker of the note. Demurrers were interposed to each count of the complaint as follows: "(1) The allegation of each count of said complaint shows that the plaintiff has no cause of action against this defendant. (2) An accommodation indorser of a nonnegotiable note is not liable when it appears from the complaint and each count thereof that the maker of the note is not liable thereon by reason of the failure of consideration as to the maker of the note. (3) It ap-pears from said complaint as amended and each count thereof that there was before the bringing of the suit a complete failure of consideration so far as the makers thereof are concerned and also so far as this defendant is concerned; and it further appears that the suit is against the defendant as indorser of nonnegotiable notes." These demurrers were sustained, and the plain-tiff excepted thereto, and, declining to plead over, takes this appeal.

M. W. RUSHTON, for appellant. Each count of the complaint alleges a good cause of action and avers a good excuse for not bringing suit against the makers of the instrument sued on.—Subd. 5, sec. 894, Code 1896; *Brown v. Fowler*, 133 Ala. 310; *Caulfield v. Fin-*

*nigan,* 114 Ala. 39; *Cole v. Tuck,* 108 Ala. 227; *Haggerty v. Bradford,* 9 Ala. 276. The demurrers were mere speaking demurrers and should have been overruled.— Sec. 3303, Code 1896; *Morris x. Beale,* 85 Ala. 59; *Baker v. Boone,* 100 Ala. 625; *Cole v. Tuck, supra;* 112 Ala. 277. There was not a want of consideration, and although the consideration may have failed as between the maker and the endorser that does not release the endorser from liability to the endorsee.—*Brown v. Fowler, supra;,* 2 Ala. 286; 2 Parsons on Bills & Notes, pp. 23-25. The assignor of a claim impliedly warrants that it is valid and that the debtor or maker is liable to pay, and if the claim is invalid the assignor is liable to the assignee for the amount paid in the assignment.—2 A. & E. Ency. of Law, 1090; *Brown v. Fowler, supra; Cartright v. Carpenter,* 7 How. 328; *Benton v. Seedcloth,* 6 T. B. Moss, 541; 12 Wis. 112; 74 Wis. 474. The assignment raises a promise or agreement that the assignor will pay to the assignee if, by proper diligence, it cannot be collected from the maker.—2 A. & E. Ency. of Law, p. 1092, note 1; *McGhee v. Lynch,* 3 Hayw. 106. The consideration between defendant and plaintiff has not failed, and the assignor cannot impeach the validity of the assignment, nor inquire into the consideration passing upon it.—*Johnson v. Beard* 92 Ala. 96. One who prevents a performance or happening of a condition precedent upon which his liability, by the terms of the contract, is made to depend cannot avail himself of the non performance.—*Bradshaw v. Gunter,* 135 Ala. 240.

PEARSON & RICHARDON, for appellee. The paper being nonnegotiable, and it appearing that there was no consideration for the same the endorser is not liable.—1 Randolph on Commercial Paper, sec. 177; 2 Randolph Commercial Paper, secs. 657-659 and 736. The liability

is conditional only, and the endorser is liable for payment in case it cannot be obtained from the maker by the use of proper diligence.—*Jordan v. Garnett,* 3 Ala. 616. The law does not presume any consideration in cases of noncommercial paper, either as to the maker or endorser.—2 Randolph Commercial Paper, sec. 657 and 562.

ANDERSON, J.—While there is considerable conflict and confusion among the cases, as well as the textbooks, as to the liability of the indorser of a nonnegotiable note, we are disposed to follow the line of decisions holding that the indorser of a note not negotiable is liable to the indorsee to the same extent as the indorser of a negotiable note (Byles on Bills, 146, and note; *Jones v. Fales,* 4 Mass. 245; *Sanger v. Stimpson,* 8 Mass. 260); the only distinction being, not as to extent of liability, but as to the action of the indorsee to fasten the liability after default by the maker. In case of negotiable notes, there must be protest and notice, if not waived, and in case of nonnegotiable notes, when the indorsee seeks to recover against the indorser, he must aver and prove the exercise of the diligence required by the statute to first collect from the maker and a failure to do so or an excuse for not doing so.—*Ryland v. Bates,* 4 Ala. 344. In fact, our statutes upon this subject seem to have been enacted upon the theory that the extent of the liability of the indorser of a nonnegotiable note is the same as that of the indorser of one that is negotiable, and prescribes the steps to be taken in order to fasten the liability as to the former, because not subject to protest and notice, in case of default by the maker.

Section 892 of the Code of 1896 provides for the bringing of suits in order to charge the indorser or assignor

of a nonnegotiable note; section 893 provides for a waiver of suit against the maker by the written consent of the indorser or assignor; and section 894 provides excuses for a failure to sue the maker before attempting to collect from the indorser. In the case at bar the complaint does not aver a compliance with section 892, or a waiver under section 893, but avers an excuse under the terms of subdivision 5 of section 894, and which reads as follows "When any defense, except a set-off to the merits of such contract or writing, exists which would prevent a judgment for all or any portion of the sum due or the value of the thing payable by such contract or writing." The defendant in the lower court demurred to the complaint upon the idea that, inasmuch as it showed upon its face that the maker could not be held liable because of a failure of consideration, he (the indorser) is not liable, and therefore fails to state a cause of action against him. We do not understand that the effect of the indorsement, which was made before maturity, merely rendered the indorser liable to a purchaser for value in the event the maker had no defense to the note. The indorsement was, in effect, a guaranty to a purchaser for value before maturity of the payment of the note if not made out of the maker, and was in no sense subject to all defenses that could be made by the maker against the collection of same. The note purported to be for a valuable consideration; and the indorsement cannot be held to be without consideration and of no effect, because of a subsequent failure of the payee to deliver the thing, the price for which the note was given.

We are not unmindful of the distinction as to the maker's right to defend as to negotiable and nonnegotiable instruments; but we are dealing with indorsers, and

38  R

not makers. The trial court erred in sustaining the demurrers of the defendant to the complaint, and the judgment is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.