# Scarbrough *v.* City National Bank.

*Assumpsit.*

(Decided Dec. 17, 1908. 48 South. 62.)

1. *Bills and Notes; Notice of Dishonor; Notice to Agent.*—An allegation in a complaint that notice was given to one N., who was present at the defendant's place of business, and in the service and employment of defendant, is a sufficient allegation of the agency of N. and of notice to the endorser.

2. *Same; Actions On; Parties; Joinder; Maker and Endorser.*—The maker and endorser of a promissory note may be sued at the same time but in separate actions, and cannot be sued jointly, in the absence of a statute so providing.

3. *Actions; Amendments; Striking Improper Parties.*—Where the maker and endorser of a promissory note were improperly joined as defendants, the complaint was properly amended by striking out the maker as a party defendant.—Section 5367, Code 1907.

4. *Bills and Notes; Notice of Dishonor; Sufficiency; Form.*—No particular form of notice of dishonor of a negotiable note is necessary; it being sufficient that the party liable is informed of its dishonor and notified that he would be held liable; and a verbal notice of dishonor to an endorser is sufficient, even though given to his agent.

5. *Same; Liability of Endorser.*—The endorsement of a negotiable note is a separate and independent contract on the part of the endorser to pay the note on due presentment and notice of dishonor, that the signature of prior parties to the note and the endorsement are genuine, that the endorsement is valid according to its purported effect, that the parties thereto are competent to contract, and that the endorser has title and right to transfer.

6. *Exemptions; Waiver; Endorsement.*—Where an endorser signs the note by simply writing his name upon it, a waiver of personal property contained in the note stating that "we, each, whether maker or endorser, hereby waive all right of exemption, etc." does not operate as a waiver of exemptions on the part of the endorser, since the maker could not waive for the endorser, and his signature to the note is not in compliance with section 4232, Code 1907, and section 210, Constitution 1901.

APPEAL from Anniston City Court.

Heard before Hon. T. W. COLEMAN, JR.

Action by the City National Bank against Eba Scarbrough and another. From a judgment for plaintiff, defendant Scarbrough appealed. Modified and affirmed.

Count 1 of the complaint was against the defendant Gus Woodruff, and contained a claim for attorney's fee and a declaration of waiver of exemptions, with the averment that the note was executed by the defendant Gus Woodruff to one James Keith, Jr., and was by him for a valuable consideration transferred to the City National Bank. The second count claimed of the defendant Eba Scarbrough $100 due by note executed by Gus Woodruff, with the averment that said defendant Eba Scarbough indorsed said note, and that demand for same had been made on Gus Woodruff, one of defendants herein and principal on said note, and payment had been refused, of which demand for payment and refusal to pay said defendant Scarbrough had had notice. Then follow claims for attorney's fees and a declaration of waiver of exemptions as to personal property and a proper transfer of the note from payee to present plaintiff. Count 3 is against Eba Scarbrough, and is exactly like count 2, except that no declarations as to the waiver of exemptions is made.

[Scarbrough v. City National Bank.]

Demurrers were interposed to the complaint by de-fendant Scarbrough: "(1) Because it fails to show that there was any consideration passed to this defendant for his alleged indorsement of said note. (2) It is not alleged that said note was protested for nonpayment at maturity. (3) It is not shown that this defendant had any legal notice of the dishonor of said note at maturi-ty, or notice of protest thereof. (4) For that the de-mand for payment made upon the principal, and his re-fusal to pay the said note as in the said count alleged, does not fix upon this defendant as the indorser thereof any liability to the plaintiff in this case. (5) For that it is shown by the terms of said count that this defendant did not waive rights of exemptions by his indorsement of the said note." He also filed demurrers attempting to raise the question of misjoinder of parties defendant, in that said counts aver causes of action only against Woodruff, and because the suit is brought against the defendant jointly, and no count of the complaint seeks to recover against both of said defendants. The com-plaint was amended by adding the fourth, fifth, sixth, and seventh counts, which were practically the same as the original counts, with the exceptions that both de-fendant were joined in each court. Afterwards the de-fendant Gus Woodruff was stricken from each count, and the defendant Scarbrough thereupon moved for a discontinuance. The other facts sufficiently appear.

LAPSLEY & ARNOLD, for appellant. Counsel discuss the rulinges on the pleadings but without citation of authority. They insist that the power of attorney given by Scarbrough to Noble and held by the bank did not authorize Noble to accept notice of dishonor of the note. —*Scarbrough v. Reynolds*, 12 Ala. 252; *Brantley v. Southern F. Ins. Co.*, 53 Ala. 554; 1 A. & E. of Law 1000. The court erred in permitting the amendment

allowing Woodruff to be stricken as party defendant.—
*Reynolds v. Simpkins,* 67 Ala. 378; *Jones v. Englehardt,*
78 Ala. 50; *Abercrombie v. Knox,* 3 Ala. 728; 14 Ency.
P. & P. 457. On these same authorities the court erred
in overruling appellant's motion for a discontinuance.
The court erred in finding that Scarbrough waived his
exemptions.—*Jordan v. Long,* 109 Ala. 414.

H. D. McCARTY, for appellees. The assignments of
error as to the rulings on pleading were too general to
amount to an insistance.—*Ala. S. & W. Co. v. Wrenn,*
136 Ala. 475. The court did not err as to the power of
attorney.—*Comer v. Bankhead,* 70 Ala. 136. The court
did not err in allowing the amendment.—*Jordon v.
Long,* 109 Ala. 414; 8 Cyc. 92, et seq.; *Learned v. Moore,*
27 Ala. 328; *Jones v. Nelson,* 51 Ala. 471; *Mock v. Walk-
er,* 42 Ala. 668; *Masterson v. Gibson,* 56 Ala. 56. Oral
notice was sufficient.—*Abel v. P. & M. Ins. Co.,* 92 Ala.
385; *Martin v. Brown, et al.,* 75 Ala. 443.

SIMPSON, J.—This suit was brought by the appel-
lee against the appellant and Gus Woodruff. The cause
of action is a negotiable promissory note alleged to have
been signed by Woodruff and indorsed by Scarbrough,
and there are separate counts against each and others
against both jointly.

The assignments of error first insisted upon are to
the action of the court in overruling demurrers to the
complaint as amended. There was no error in overrul-
ing said demurrers. The agency of said Noble, upon
whom the notice of dishonor of the note is claimed to
have been served, is sufficiently set out in the count. It
is also sufficiently alleged that said Noble was authori-
zed to receive such notice. At any rate, the count alleges
that the notice was given to Noble, "who was present
at defendant's (Scarbrough's) place of business and
in the service and employment of said Scarbrough,"

etc., which is sufficient.   3 Randolph on Commercial
Paper, p. 241, § 1219; 7 Cyc. 1090.   This covers all of
the propositions with regard to the agency of Noble,
and the question as to whether the written power of
attorney, introduced in evidence, authorized Noble to
accept notice of dishonor.

The next assignment of error insisted on is that the
court erred in allowing the name of Gus Woodruff to be
stricken out as a party defendant to the complaint.   Sec-
tion 3331 of the Code of 1896 (section 5367 of the Code
of 1907).   Our courts have held that one of the objects of
this   statute was to permit amendments striking out
improper parties to the suit, without working a discon-
tinuance of the action.—*Vinegar Bend Lumber Co. v.
Chicago Title & Tr. Co.,* 131 Ala. 411, 30 South. 776;
*Evans Marble Co. v. McDonald & Co.,* 142 Ala. 130, 133,
37 South. 830; *Masterson v. Gibson,* 56 Ala. 56, 58;
*Jones v. Nelson's Ex'r,* 51 Ala. 471; *Mock v. Walker,*
42 Ala. 668, 670; *Leard v. Moore,* 27 Ala. 326, 328.
While the payee of a negotiable promissory note may
sue both the maker and the indorser simultaneously in
separate actions, yet, without statutory provision to that
effect, there is no authority for suing them jointly.   8
Cyc. 292; 3 Randolph on Commercial Paper, § 1669.   In
the case of *Abercrombie v. Knox et al.,* 3 Ala. 728, 37
Am. Dec. 721, referred to by counsel for appellant, the
reference is to "separate suits" against all the parties.
3 Ala. 729-731 (37 Am. Dec. 721).   Seeking to hold
Scarbrough as a joint debtor does not change the fact
that he is merely an indorser.   As it was improper to
join the maker in a suit against the indorser, there was
no error in allowing the complaint to be amended by
striking out the maker.

As to the notice of dishonor, the law recognizes a ver-
bal notice as sufficient.—*Martin, Dumee & Co. v. Brown,
Shipley & Co.,* 75 Ala. 443, 448; *Abels v. Planters' &*

*Merchants' Ins. Co.,* 92 Ala. 385, 9 South. 423; *Stephenson v. Primrose,* 8 Port. 155, 159, 33 Am. Dec. 281; 7 Cyc. 1104. The fact that it was given to an agent cannot change the above principle. The case of *N. Y. & Ala. Contracting Co. v. Selma Springs Bank,* 51 Ala. 305, 23 Am. Rep. 552, did not refer to a notice given to any one at the maker's place of business. In addition to this there was evidence from which the court, acting as a jury, could find that Noble was the agent of defendant, with authority to receive notice.

As to the form of the notice, no particular form is required. "All that is necessary is that  *  *  * the party liable and intended to be charged should be apprised of the dishonor and that he is looked to for payment." —*Martin, Dumec & Co. v. Brown, Shipley & Co. supra.* Taking the notice and the reply together, it was open to the judge to infer that it was understood by both parties that the note had been dishonored and that the plaintiff looked to the indorser for payment, and hence that the notice was sufficient.

The only remaining contention is that the court erred in stating, in the judgment, that said indorser had waived the benefit of the exemption law as to personal property. The note contains, in the face of it, this clause: "And as a part of the consideration of this note, we each, whether maker or indorser, agree and hereby waive all right to have any of our personal property exempted from levy and sale under legal process for collection of this debt, whether under the laws of Alabama, or any other state in the Union." But the indorsement was simply by signing the name, without any such statement. The law is clear that the indorsement is a separate and independent contract, and that the only contract of the indorser is, "first, that it (the note) shall be paid on due presentment and notice or dishonor; second, that

[Scarbrough v. City National Bank.]

the instrument and the signatures of all prior parties upon it are genuine; third, that the instrument is valid according to its purport; fourth, that the parties to it are competent to contract; and, fifth, that the indorser himself has the title to the paper and the right to transfer it."—*Jordan v. Long,* 109 Ala. 414, 417, 19 South. 843, 844, and authorities cited.

Section 210 of the Constitution of 1901 authorizes the right of exemption, as to personal property, to be waived by an instrument in writing; and section 4232 of the Code of 1907 (section 2105, Code 1896) provides that "as to personal property the waiver may be made by separate instrument in writing subscribed by the party making the same, or it may be included in a bond, bill of exchange, promissory note, or other written contract executed by him." The only contract "executed" by the indorser is the simple indorsement, which has a certain definite meaning and certain limitations. He has not "executed" any writing whereby he has waived his exemption. The waiver of the exemptions is no part of the obligation of the note, but simply an additional agreement which the maker of the note makes. He cannot make it for the indorser, and the indorser cannot be held to have waived his exemption by implication. Both the Constitution and the statute show a clear intention that the waiver must be in the writing which the party signs. The court therefore erred in holding that Scarbrough had waived his right of exemption.

The judgment of the court will be here corrected, by striking out the second paragraph, relating to waiver of exemptions, and, with said correction, the judgment of the court is affirmed.

Corrected and affirmed.

TYSON. C. J., and DOWDELL and DENSON. JJ., concur.