148 So. 306

## RUSHING v. ALABAMA NAT. BANK.
### 3 Div. 49.

Supreme Court of Alabama.
May 18, 1933.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Steiner, Crum & Weil and Sam Rice Baker, all of Montgomery, for appellee.

BOULDIN, Justice.

O. F. Rushing, as treasurer of public school funds of Autauga county, sues in detinue to recover certain state warrants in the possession of defendant Alabama National Bank, of Montgomery. These warrants, three in number, aggregating $1,973.01, were issued in January and February, 1931, payable to Alva K. Cooper, treasurer, etc., the predeces-

sor in office of this plaintiff. The legality of these warrants, drawn on the state treasurer, is admitted.

The issue is one of title.

The cause was tried on an agreed statement of facts. We summarize the controlling facts as follows: Mr. Cooper was duly appointed treasurer of public school funds by the county board of education.

The First National Bank of Prattville, Ala., having deposited certain securities as a guaranty of the safety of the deposit of public school funds, was duly designated depository of such funds by the county board of education, and thereafter the county board of education, through its treasurer, carried its account as a general depositor in said bank, the said Cooper, as treasurer, depositing all warrants and funds to such account and drawing against same as required.

As the warrants in question were received from the state auditor, payable to the "order of A. K. Cooper, Treasurer," they were severally deposited by him in the Prattville Bank, the designated depository, indorsed "A. K. Cooper, Treasurer." He received the usual deposit slips, but with a verbal agreement with the bank, through its vice president, who received each of them, that such deposit should not be drawn upon until the warrant was paid.

The Prattville Bank thereupon indorsed each warrant: "Pay to the order of any bank, banker or trust company. All prior endorsements guaranteed. [Signed] First National Bank of Prattville, Mrs. R. M. McCord."

With these indorsements, one dated January 23, and two February 16, 1931, the Prattville Bank forwarded the warrants by usual course of mail to Alabama National Bank as cash items to be credited to the account of the Prattville Bank. They were so credited, and the amount of such warrants was immediately drawn out of the Alabama National Bank by the Prattville Bank. Mr. Cooper, treasurer, was never informed of this fact, nor given the right to check on such deposits, and, after repeated demand, never received any of the proceeds of said warrants.

The state treasurer, being short of available funds, failed to pay the warrants on presentation by Alabama National Bank, and thereupon, in order to further secure its indorsement of such warrants, the Prattville Bank executed its note to Alabama National for the amount thereof, pledging the warrants as collateral security, and they are still so held.

The Prattville Bank failed in May, 1931. The Alabama National Bank had no knowledge of the verbal agreement above noted; and knew nothing of the transactions between the Prattville Bank and Mr. Cooper, treas-urer, except as shown by the warrants and indorsements thereon and another instrument now to be mentioned.

When the Prattville Bank entered into the agreement with the county board of education to become depository of public school funds, as part of that transaction a written agreement was entered into, styled an escrow agreement, by which certain designated securities, aggregating $15,000, were deposited with Alabama National Bank, in trust, to secure the deposit of school funds. This document was held all along by the Alabama National Bank. The securities were all disposed of as per the trust agreement, and the amount of these warrants remains unpaid.

██ A public officer, charged with the duty to receive, safely keep, and disburse public funds as provided by law, cannot lawfully deposit such funds on general account in a bank under the laws of Alabama, except in cases and under conditions prescribed by statute. Such deposit, other than in an authorized depository, is a breach of trust rendering the officer liable on his bond. National Surety Co. v. State, 219 Ala. 609, 610, 123 So. 202, 205.

That case involved a county treasurer of public school funds as the law then stood.

The appointment of a treasurer of public school funds by the county board of education, his powers and duties are now defined by the School Code of 1927, §§ 94, 295 to 300.

By section 94 it is provided: "County boards of education may arrange if it deems practical and beneficial, for a payment of interest on daily balances of bank deposits of public school funds by the Treasurer of the public school funds."

██ While this provision is quite general, and vests county boards of education with powers rather broad and undefined, the conclusion seems inescapable that it contemplates that such boards may designate banks as depositories, under such safeguards as the boards may require, and require the treasurer of public school funds to deposit same in such bank.

That a general deposit, one wherein the relation of debtor and creditor exists, is meant, seems equally certain.

The payment of interest on daily balances implies the bank shall have the use of the fund as other general deposits. This is further indicated in that the present statute omits the provision of the statute considered in National Surety Co. v. State, supra, requiring the treasurer to "faithfully keep the same separate and apart from any other funds or property whatsoever."

██ It follows that title to the specific funds deposited in the bank is no longer in the board of education, nor its treasurer, but

in the bank. The credit of the bank, backed up by such securities as are pledged as a guaranty, is the only protection for such deposits.

It further follows that the treasurer is in the performance of his duty in depositing warrants of this class according to the usual course of banking business, indorsing same so as to pass the title, and taking credit for the amount thereof.

Likewise the depository bank was free to indorse such warrants and handle them as cash items with its corresponding bank, and the latter bank to acquire title thereto in the usual course of banking business.

When the Alabama National Bank so accepted these state warrants, issued by state authority in pursuance of law, and paid over their face value to the designated depository, the warrants became the property of that bank.

The loss here is due to the failure of the First National Bank of Prattville, the depository, and the insufficiency of the security accepted as a guaranty. This loss was made the more likely by the failure of the same bank to notify the treasurer of the collection of the warrants and permit drawing thereon.

This default could not affect Alabama National Bank.

True, as argued by appellant, the warrants themselves and the escrow agreement in its hands gave notice to Alabama National Bank of the facts therein shown; but such facts disclosed the Prattville Bank was a lawful depository of this fund, with authority to handle the warrants as they were handled so far as affects the rights of its indorsee.

True, also, the warrants were not negotiable instruments in the sense that a bona fide holder takes them free of defenses by the maker, etc., but they were assignable by indorsement, so as to pass title thereto as other nonnegotiable instruments. Code, § 9231.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.