57 So.2d 366

**WYATT v. STATE.**

5 Div. 520.

Supreme Court of Alabama.
Jan. 10, 1952.

Rehearing Denied March 13, 1952.

L. H. Ellis, Columbiana, and J. B. Atkinson, Clanton, for petitioner.

G. C. Walker, Clanton, Godbold & Hobbs, Montgomery, and Holley, Milner & Holley, Wetumpka, amici curiæ.

Si Garrett, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

This case comes here by writ of certiorari to the Court of Appeals to review the opinion and judgment of that court affirming the conviction of petitioner, Delene B. Wyatt, for the offense of forgery in the second degree.

We are in agreement with the opinion of the Court of Appeals, but granted certiorari to elaborate on two propositions treated in the opinion of that court: (1) whether or not the indictment charged forgery in the third degree rather than forgery in the second degree, as ruled by the trial court; and (2) the question of the sufficiency of the indictment as against the demurrer interposed. All other reviewable questions appear to us to have been fully treated in the opinion of the Court of Appeals.

One proposition argued here, that the indictment was amended without the consent of the defendant in violation of § 253, Title 15, Code 1940, when the court permitted the amendment of the minutes *nunc pro tunc,* showing the organization of the court and impaneling of the grand jury, is not reviewable. That matter was not treated in the opinion of the Court of Appeals, Ex parte Stephenson, 252 Ala. 316, 40 So.2d 716, nor was it made the basis of a ground for error in the petition for certiorari.

(1)

We reproduce the instrument alleged to have been forged:

| First National Bank of Clanton<br>Clanton, Alabama<br>Pay this warrant, when properly endorsed, from the fund of Chilton County, Alabama, designated below.<br>W. M. Polk | State of Alabama<br>No. 554<br>County Commission of Chilton County<br>Clanton, Ala. Dec. 2 1946<br>To the Treasurer,     $56.00<br>Chilton County, Alabama. |
|---|---|
| Treasurer, Chilton County, Alabama.<br>By ——————— Asst. Atty. in Fact<br>Gasoline Fund | The sum of Fifty Six & No/100....Dollars for    Labr. |
| Pay<br>To      Dewey Robinson<br>Or<br>Order | out of any moneys, not otherwise appropriated, in GASOLINE FUND of said County<br>J. Lee Smith<br>President, County Commission of Chilton Co., Alabama. |

with the following endorsement on the back thereof: "Dewey Robinson."

---

The indictment did not charge the forgery of the instrument itself, but charged the forgery of the endorsement of the instrument by forging the name of Dewey Robinson thereon. The question, therefore, is whether that offense constitutes forgery in the second degree.

The offenses denounced by our statute as forgery in the second degree include (for present purposes) the forgery of (1) an instrument purporting to be the act of another whereby an interest in property purports to be affected; (2) any negotiable instrument or the endorsement of it; (3) any instrument in writing purporting to be the act of another by which any pecuniary demand or obligation purports to be created, discharged or diminished.

■ And such an instrument, upon the assumption of its genuineness, must have the capacity to injure or defraud. Burden v. State, 120 Ala. 388, 25 So. 190.

So the question is whether the endorsement of the instrument set out in the indictment and reproduced above is either (1) an instrument in writing which purports to affect an interest in property, or (2) whether the instrument was a negotiable one. or (3) whether the endorsement of the instrument purports to be such an act as to create, discharge or diminish a pecuniary demand or obligation.

The Court of Appeals held the indictment to charge forgery in the second degree under the first alternative above, and we are in accord with that conclusion, but also think the offense provided by the third alternative too. We do not consider that the offense could be embraced under the second alternative—forgery of negotiable instruments, etc.

Undoubtedly the endorsement of the instrument affected an interest in property. The endorsement of the instrument is itself a contract in writing which purports to transfer, convey or affect the ownership of the warrant so endorsed, which is property subject to ownership. We attain this conclusion in this manner:

As observed, the indictment charges the forgery of the endorsement of the instrument reproduced hereinabove. Had that instrument purported to be a negotiable instrument, a note, its endorsement in regular course would have warranted to subsequent holders in due course that the instrument is genuine in all respects according to its pur-

port. § 68, Title 39, Code 1940. That is, (1) that it shall be paid on presentment; (2) that the instrument and signature of all prior parties on it are genuine; (3) that it is valid according to its purport; (4) that the parties to it are competent to contract; (5) that the endorser has the title to the paper and the right to transfer it. Jordan v. Long, 109 Ala. 414, 417, 19 So. 843, 844; Scarbrough v. City National Bank, 157 Ala. 577, 48 So. 62.

It is a different contract in writing from that of the original obligation. The stipulations imported by the endorsement constitute a new contract independent of that of the maker of the note, based upon a new and independent consideration and imposing liabilities and obligations on the endorser which do not rest upon the maker. Woodlawn Federal Savings & Loan Ass'n v. Williams, 237 Ala. 446, 187 So. 177; Jordan v. Long, supra, 109 Ala. at page 417, 19 So. 843.

Section 200, Title 39, Code, provides that all bonds, contracts, and writings for the payment of money or other thing or the performance of any duty (nonnegotiable instruments) are assignable by endorsement. This applies to State warrants, Rushing v. Alabama National Bank, 226 Ala. 621, 148 So. 306 and therefore, of course, to county warrants too; and the endorser of such a nonnegotiable instrument is liable to the endorsee to the same extent as the endorser of a negotiable instrument, the only difference being the essentials of an action to fasten liability on such an endorser by reason of his endorsement thereon. Bank of Luverne v. Sharp, 152 Ala. 589, 592, 44 So. 871. Of course, the indictment seeking to charge a forgery of an endorsement of an instrument should so allege, Brown v. State, 242 Ala. 485, 7 So.2d 28, as the instant indictment does.

Therefore, the endorsement alleged to have been forged purported to be the act of Dewey Robinson, a person other than defendant, and such endorsement of the instrument was a contract in writing purporting to transfer, convey or affect the ownership of the warrant or an item of property or to create a pecuniary obli-

gation on his part, and having the capacity to injure or defraud, the offense declared on is within the two alternatives of the provisions of § 200, Title 14, supra, defined as forgery in the second degree.

### (2)

Able counsel argue with much cogency that the Court of Appeals erred in affirming the trial court's action in overruling defendant's demurrer to the indictment on the ground that the instrument set forth in the indictment as the subject of the alleged forgery is invalid on its face and that a simple charge of forging it, without alleging extrinsic facts tending to show validity of the instrument, in fact does not show an offense. Our case of Gooch v. State, 249 Ala. 477, 31 So.2d 776, 174 A.L.R. 1297 (responding to a question certified by the Court of Appeals), among others, is relied on.

The ground of invalidity of the instrument is said to be in its signature. Boiled down to its essence, the argument is that the warrant is not drawn or signed in the manner prescribed by law, specifically, that the legal designation of the governing body of Chilton County is "the court of county commissioners," citing Code 1940, Title 12, § 5, whereas the instrument is signed by the judge of probate as "President, County Commission of Chilton Co." etc. Reliance is also had upon § 114, Title 12, prescribing that when a claim against the county has been audited and allowed by the court of county commissioners, "the judge of probate must give the claimant a warrant on the treasury for the amount so allowed".

We do not think the indictment is subject to the stated objection. The instrument is a warrant or order drawn upon the treasury of Chilton County for the payment of a sum of money for labor out of a specified county fund. The several sections embraced in Chapters 2, 6, and 8, Title 12 of the Code, relating to the county governing body, the relationship of the judge of probate thereto, and allowance and payment of claims against the county, are *in pari materia* and must be considered together. So considered, the relationship

of the judge of probate is one of presidency or chairmanship over the governing body, as the Court of Appeals reasoned in its opinion. Fountain v. State ex rel. Hybart, 210 Ala. 51, 97 So. 59. Although the instrument copied in the indictment does not show on its face that the person who signed it was the judge of probate or the chairman of the court of county commissioners, which was the governing body of the county, it does appear on its face to be signed by J. Lee Smith, who we judicially know was judge of probate and chairman or "principal judge", § 5, supra, of the court of county commissioners. It is not a question of whether he in fact signed the warrant, for it so appears and we are only dealing with it as it appears on its face. It is not a question of whether it is void on account of some matter not appearing on its face, but on account of some matter which does appear on its face, including the absence from its face of something necessary to give it full validity. Nowhere in the statutes is there any specific direction as to how he shall sign warrants on the treasury, whether he shall designate himself as judge of probate or as chairman or president or principal judge of the governing body or whether any designation of his official capacity be shown at all. It is the fact of his official position as judge of probate that vests him with authority to draw county warrants. He does not, in drawing a warrant, act in a judicial capacity, but in an administrative capacity in his ex officio relationship to the county governing body. Wyatt v. Parrish, 255 Ala. 145, 50 So.2d 424; Fountain v. State, supra; Board of Revenue v. Barber, 53 Ala. 589; Savage v. Matthews, 98 Ala. 535, 13 So. 828. We judicially know not only that he was judge of probate and chairman of the court of county commissioners, but that there was in Chilton County no such office as president of the county commission, and since the statute prescribed no particular form of warrant and required no particular designation as to his official capacity, we do not think the warrant could be said to be void because he erroneously described himself as appears in the warrant. The warrant was signed by one who we judicially know was judge of probate and chairman of the governing body of the county and we judicially know his official signature. McCarver v. Herzberg, 120 Ala. 523, 534, 25 So. 3; Sandlin v. Anderson, Green & Co., 76 Ala. 403. The person to whom it was addressed could see on its face that it was signed by the person required by the statute to do so. He also knew that, technically speaking, there was no such officer in that county as "president of the county commission" and that a designation of J. Lee Smith as such was a misdescription of his official capacity. If there had been such an officer in that county as president of the county commission who was not the judge of probate and he was not J. Lee Smith, everyone would judicially know that fact and know that J. Lee Smith could not sign in that capacity; but when everybody knew that the governing body of the county is the court of county commissioners and that its presiding officer was the judge of probate and that J. Lee Smith was that judge, everyone would know that the warrant was signed by the proper person but with the stated erroneous description of his official status. So viewed, the warrant shows on its face that it was signed by the proper person, with an erroneous description of his office, wherefore no one would be deceived in respect to its validity.

The law is well settled that where an instrument charged with having been forged is of apparent legal efficacy or shows to be the foundation of a legal liability and not void on its face, that is, not illegal in its very frame, or innocuous from its character, there is no necessity that the indictment contain extraneous allegations. Rembert v. State, 53 Ala. 467; Crow v. State, 236 Ala. 26, 183 So. 907. That is this case.

Pursuing the discussion further, our problem is not primarily the validity of the warrant, for that was not forged, but the endorsement on it, as alleged. So that the invalidity of the warrant is material on the issue now being discussed only as it may affect the validity of the endorsement thereof. We have shown that the endorsement is a separate contract

from the warrant itself, so we may assume for the present discussion that the warrant is void on its face and would not justify the treasurer in paying it to the payee thereof. With this assumption, then the question is whether an endorsement is void when made by the payee of a nonnegotiable instrument in writing for the payment of money which appears on its face to be void, as for instance a contract dated on Sunday. The query is due a negative answer, as applied to the instant situation, which we will undertake to show.

The payee of a forged check who endorses it and receives the money thereon thereby guarantees its genuineness, and the endorsee may recover back the money so paid. Kennedy v. Hudson, 224 Ala. 17, 138 So. 282; Birmingham National Bank v. Bradley, 103 Ala. 109, 15 So. 440. These cases, however, relate to checks which, though void, do not so appear on their face. But we think the same is true as to a check given and dated on Sunday, unless within the statutory exception. Its endorsement warrants either that it is within such exception or that it has been ratified on a day not prohibited.

As observed, an endorsement without qualification warrants that the instrument is at the time of the endorsement valid and subsisting and that it will be paid or accepted or both on due presentment. § 68, Title 39. This we have shown applies to the endorsement of nonnegotiable instruments for the payment of money. The contract of endorsement can bind the endorser to make good to a subsequent holder an instrument which appears on its face not to be binding, but which can be made so by contract or other circumstance. Cf. Commercial Credit Co. v. Ward & Son Auto Co., 215 Ala. 34, 109 So. 574; 23 Am.Jur. 687, § 29.

Of course, such liability of the endorser is only to his endorsee or to a subsequent holder. But forgery of an endorsement is complete as a crime when the endorsement having the capacity to defraud, is placed on the instrument without authority and with the intent to injure or defraud. "It is not necessary that any prej-udice should in fact have happened by reason of the fraud. The capacity of the false and fraudulent writing to work injury, is the material question. If the writing has that capacity, the offense is committed." Jones v. State, 50 Ala. 161, 163; Denson v. State, 122 Ala. 100, 26 So. 119; 37 C.J.S., Forgery, § 3, p. 34.

Thus the unqualified endorsement on the warrant made it capable of being transferred to one on the belief that if the endorsement was genuine it guaranteed the validity of the warrant and that it would be paid when properly presented.

The trial court ruled correctly in overruling the demurrer to the indictment on the stated ground.

Judgment affirmed.

Affirmed.

All the Justices concur.