BOWEN, Judge.
This is an appeal from the denial of a petition for post-conviction relief.
In 1977, Randy Lee Matkins pleaded guilty and was convicted of murder in the second degree (CC-77-599F), assault with intent to murder (CC-77-600F), and grand larceny of an automobile and buying, receiving, or concealing stolen property (CC-76-10-692F). In May 1989, Matkins filed a petition for post-conviction relief challenging these convictions, alleging that the convictions were for offenses not included in the indictments. After counsel was appointed to represent Matkins, the petition was amended to include the following grounds: 1) In CC-76-10-692F, a defendant cannot be guilty of stealing and receiving the same stolen property. 2) In CC-77-600F, the indictment for assault with intent to murder was improperly amended to charge murder in the second degree. 3) In CC-77-599F, the indictment for murder in the first degree was improperly amended to charge murder in the second degree. In a pro se amendment, Mat-kins alleged that he was 16 years old at the time he pleaded guilty and that he was not advised by either the trial judge or his defense counsel of his right to request youthful offender treatment.
After two evidentiary hearings, the circuit court entered the following order:
“1. In CC-83-169.60 [1] the court finds that in regard to all matters asserted, other than ineffective assistance of counsel, that all asserted grounds were known to petitioner at time of trial and were raised by petitioner on appeal, and that said petition fails to state a claim that is susceptible to Rule 20 relief, all material issues having previously been decided adverse to the petitioner upon appeal.
“In regard to petitioner’s allegation of ineffective assistance of counsel, the court finds that nothing presented at the petitioner’s hearing demonstrated that trial counsel failed to render reasonably effective assistance, or that the results of the petitioner’s trial would likely have been different had defense counsel handled matters differently.
“2. In CC-77-599.60 the court finds that the petitioner did in fact plead guilty to ‘assault with intent to murder’ as charged in the indictment rather than to an amended charge of ‘second degree murder’ as shown in the formal judgment entry, that said judgment entry was a clerical error in transcription which the court is empowered to correct. Wyatt v. State, [36 Ala.App. 125, 57 So.2d 350 (1951), affirmed on other grounds, 257 Ala. 90, 57 So.2d 366 (1952) ]; Smith v. Combustion Resources Engineering, Inc., 431 So.2d *738 1249 [ (Ala. 1983) ]; Mickle v. Mickle, 334 So.2d 900 [ (Ala.1976) ]; Continental Oil Co. v. Williams, 370 So.2d 953 [ (Ala. 1979) ].
“3. In CC-77-599.60 the court finds that petitioner entered a plea of guilty to an amended charge of second degree murder based upon an indictment in which he was originally charged with first degree murder, and that said amendment and guilty plea were appropriate in that the amended charge was a lesser included offense included within the indictment for first degree murder.
“4. Further, in CC-77-599.60 and in CC-77-600.60 in regard to petitioner’s assertion that he should be permitted to withdraw said guilty pleas because he was not advised, prior to said pleas, of his right to apply for Youthful Offender status, the court finds that the petitioner had applied for Youthful Offender status in two prior cases in 1976 (76-10-091 and 76-10-692) and that based upon the Youthful Offender investigation made in those cases, the fact that said status was denied, and the nature of the offenses charged in CC-77-599 and CC-77-600, said status would not have been granted had it been applied for.
“NOW, THEREFORE, it is hereby ORDERED that petitioner’s request for post-conviction relief under Rule 20, Alabama Rules of Criminal Procedure, [is] denied.
“Further, the court hereby issues its ORDER to the Hon. Billy Harbin, Clerk of the Circuit Court of Madison County, Alabama, to prepare a corrected judgment entry in CC-77-600 reflecting the same information as contained in the case action summary sheet of said case.”
(Footnote added.)
This court agrees with the findings and conclusions of the circuit court. See Pardue v. State, 566 So.2d 502 (Ala.Cr.App. 1990). In addition, we note that the petition was not filed within the two-year limitations period providéd by Rule 20.2(c), A.R.Cr.P.Temp., and that there was no motion to withdraw the guilty pleas. See Willis v. State, 500 So.2d 1324 (Ala.Cr.App. 1986).
For the above reasons, the judgment of the circuit court denying the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.

. This court has searched the record on appeal and finds no document bearing the number "CC-83-169.60." A review of the petition and its three amendments reveals no specific allegation of the ineffective assistance of counsel. However, the records of this court show that Mat-kins’s conviction for the 1982 murder of James Willie Askins was reversed on appeal. Matkins v. State, 497 So.2d 194 (Ala.Cr.App. 1985), affirmed, 497 So.2d 201 (Ala.1986). His conviction after retrial was affirmed by this court. Matkins v. State, 521 So.2d 1040 (Ala.Cr.App. 1987).