# The South & North Alabama Railroad Company v. The State.

*Bill in Equity to call the State to account for the "Three per Cent. Fund."*

1. *"Three per cent. fund"; right of State to withdraw permission to be sued on account of.*—There is nothing in any of the proposals, made by congress to the people of Alabama territory, in the act to enable them to form a constitution and State government, with reference to what is known as the "three per cent. fund," and the acceptance of those proposals upon the admission of the State into the Union, or the subsequent relations of the State to that fund, which strip the State of sovereignty as to claims growing out of that fund, and prevent it from withdrawing at pleasure permission to be sued thereon, in its own courts.

2. *Case re-affirmed.*—The case of *Ex parte The State of Alabama* (52 Ala. 230) followed.

APPEAL from Chancery Court of Montgomery.
Heard before Hon. H. AUSTILL.
The opinion states the case.

RICE, JONES & WILEY, for appellant.

JOHN W. A. SANFORD, Attorney General, with whom was
R. M. WILLIAMSON, *contra.*

MANNING, J.—The appeal in this cause is from an order of the chancellor dismissing appellant's bill on the ground that the court could not entertain jurisdiction of a cause against the State after enactment of the statute No. 200, approved December 18, 1874, to repeal sections 2534, 2536 and others of the Revised Code, and repealing "all laws and parts of laws . . . . which make any provision for bringing or conducting suits against the State." This act was considered by us in *Ex parte The State of Alabama* (52 Ala. 231), in which we held that it operated to prevent the prosecution of a cause then pending in the circuit court of Montgomery county against the State, and required a dismissal of it by the court.

On behalf of appellant, it is insisted that this decision in that case does not control in this, because, as contended,

[S. & N. A. R. R. Co. *v.* The State.]

Alabama is not sued in this cause as a sovereign State, but as a mere corporation; that as such she took upon herself the performance of a trust in respect to a fund known as "the three per cent. fund," of which complainant is the beneficiary; that this trust was assumed by the convention which formed the constitution of the State in its acceptance of certain proposals made to it by the act of congress of March 2, 1819, "to enable the people of Alabama territory to form a constitution and State government, and for the admission of such State into the Union upon an equal footing with the original States"; and that the effect of the agreement thus made, and of the operation thereon, of that clause of the constitution which forbids a State from passing any law "impairing the obligation of contracts," was *quoad hoc,* to prevent Alabama from becoming a State, and to subject her to suit and judgment as a common corporation, for a violation of duty toward this appellant. The proposals referred to and which were agreed to by the convention, are contained in section 6 of said act of congress, wherein it is in effect declared that in consideration among other things, that the said convention of the people of Alabama, "shall provide by an ordinance irrevocable without the consent of the United States, that the people inhabiting the said territory do agree and declare that they forever disclaim all right and title to the waste or unappropriated lands lying within the said territory; and that the same shall be at the sole and entire disposition of the United States; . . . . and that the lands belonging to the citizens of the United States residing without the said State shall never be taxed higher than the lands belonging to persons residing therein; and that no tax shall be imposed on lands the property of the United States, and that all navigable waters within the said State shall forever remain public highways free to the citizens of said State and of the United States," &c.—then the following propositions, if accepted by the convention, shall be *obligatory upon the United States:* . . . . . "*Third.* That five *per cent.* of the net proceeds of the lands lying within the said territory and which shall be sold by congress from and after the first day of September in the year 1819, after deducting all expenses incident to the same, shall be reserved for making public roads, canals and improving the navigation of rivers, of which *three-fifths* shall be applied to those objects within *the said State, under the direction of the legislature,* and two-fifths to the making of a road or roads leading to the said State, under the direction of congress."

The three-fifths above mentioned constitute what is known

[S. & N. A. R. R. Co. v. The State.]

as the *three per cent. fund*, and is referred to as such in this cause.  It was a concession by the United States to the State of Alabama, of so much of the proceeds of the sales of the public lands in this State, to be employed for the benefit of the people of Alabama in the making and improvement of ways within her territory, and by her legislature, as the legislature of a sovereign State, under a moral obligation perhaps, but without any legal responsibility on account thereof, to the United States or any person whatsoever.  The transaction and the obligations it created, no more degrade Alabama from the rank of a sovereign than the acceptance by the United States from Great Britain of the indemnity paid by the latter under the recent treaty of Washington and arbitration at Geneva, for the depredations done by the war ships of the late Confederate States, and known as "the Alabama Claims," divests the United States of sovereignty, and makes the country suable as a mere trustee in its own courts against its consent, by the individuals who were sufferers by the exploits of the ship Alabama and her kindred cruisers in that unhappy war.

Courts that were created by and derive their authority from the State of Alabama, are not at liberty to entertain the idea that she is in political right and dignity the inferior of any other in the sisterhood of States.  She was invited into and entered the Union according to the express language of the act referred to, and of the joint resolution of the congress of the United States, approved December 14, 1819, "on an equal footing with the original States in all respects whatsoever."  3 U. S. Stat. at Large, 489–90 and 608.

We have not turned aside from the consideration of the only question presented by the order appealed from, to examine the bill and inquire whether or not by the acts of the legislature of Alabama, professing to make loans of the three per cent. fund, appellant has the right it claims therein. Having no power to render a decree against the State, the chancellor properly repudiated the cause, and his order dismissing it is affirmed, with costs.

STONE, J., not sitting.