# Mason *v.* Crabtree.

*Action on Official Bond of Notary Public.*

1. *Payment by garnishee before judgment condemning debt; effect of.*—Until there is a judgment rendered, condemning indebtedness of the garnishee to the payment of the demand for which it was attached, the garnishee is not authorized to pay, nor is any person, official or otherwise, authorized to demand payment by virtue of the garnishment; and a payment so made will not discharge the indebtedness of the garnishee to his creditor.

2. *Same; when justice of the peace, in receiving, acts outside of his official duty.*—A justice of the peace, or notary public having the jurisdiction of a justice of the peace, before whom is pending a garnishment in aid of the collection of a judgment rendered by him, acts outside of his official duty.in collecting from the garnishee, prior to judgment against him, the amount admitted in his answer to be due the defendant; and, in the absence of statutory provisions, the collection would impose no liability on the sureties on the official bond of such justice or notary.

3. *When justice of the peace or notary public acts under color of office; liability of his sureties, and extent of recovery.*—But where the justice of the peace, or notary public having the jurisdiction of a justice, falsely represents and pretends to the garnishee that he had rendered judgment against him, and thereby pretends that he has the authority to receive the money, and, under such representation and pretense, collects the money, such justice or notary, being a bonded officer, and having authority under the statute to collect from the garnishee, on the rendition of a judgment against him, in collecting the money, commits a wrongful act under the color of his office, which renders him and his sureties liable under the statute (Code, § 179), in a suit brought against them by the defendant in the original judgment on which the garnishment is founded, for the restitution of the money; but the recovery in such case is limited to the money received, and interest thereon.

APPEAL from Mobile Circuit Court.

Tried before Hon. WM. E. CLARKE.

This was an action by N. M. Mason against L. Crabtree, and W. J. Jolly and C. Prichard, sureties on his official bond as a notary public "having the jurisdiction of justices of the peace;" and was commenced December 2d, 1881. The substantial averments of the complaint are stated in the opinion. The defendants demurred to each of the counts, assigning numerous grounds. The court sustained the demurrers to the several counts, and rendered judgment thereon for the defendants. The rulings of the court on the demurrers are here assigned as error.

LESLIE B. SHELDON, and WM. D. MCKINSTRY, for appellant, cited Code of 1876, §§ 2978, 2982, 3218, 3662, 1328, 163, 179;

*Irion v. Lewis*, 56 Ala. 190; *Kelly v. Moore*, 51 Ala. 364; *Withers v. Coyles*, 36 Ala. 320; *Craig v. Burnett*, 32 Ala. 728; *Lester v. Governor*, 12 Ala. 624; *Governor v. Hancock*, 2 Ala. 728; *McElhaney v. Gilleland*, 30 Ala. 183; *Tracy v. Williams*, 4 Conn. 113.

FAITH & CLOUD, *contra*, cited *Irion v. Lewis*, 56 Ala. 190.

STONE, J.—The complaint in this cause, as originally filed, contained two counts. It was amended by adding a third. Each of the counts relies on an alleged breach of Crabtree's official bond as a notary public, "having the jurisdiction of justices of the peace." The condition of such bond is, "faithfully to discharge the duties of such office so long as [he] may continue in such office, or discharge any of the duties thereof."—Code of 1876, § 1328. Such is the averment of each of the counts in the present complaint. The suit is against Crabtree, as notary, and his sureties on his official bond. It is set forth in the first and third counts that Crabtree, as notary public and *ex officio* justice, had rendered a judgment against Mason, the plaintiff, in favor of one McDonald, and had also issued process of garnishment, making the Louisville and Nashville Railroad Company a garnishee in the cause. It is then averred that the railroad company had answered, admitting an indebtedness greater in amount than McDonald's judgment against the plaintiff, Mason. Each of these counts avers that no judgment had been rendered on the garnishee's answer, condemning said admitted indebtedness, or any part of it, to the payment of McDonald's judgment. It is then averred that Crabtree had falsely and fraudulently represented to the railroad company, garnishee, that he had condemned said admitted indebtedness of the latter to McDonald's said judgment, and that on such representation he demanded and collected said sum from the railroad company, and had failed and refused to pay the same to the plaintiff. This is the alleged breach of the bond the plaintiff relies on for a recovery.

It is very clear that until there was a judgment rendered, condemning the indebtedness in the hands of the garnishee to the payment of the demand under which it was attached, the railroad company was not authorized to pay, nor was any person, official or otherwise, authorized to demand payment, by virtue of the garnishment. A payment so made would not discharge the indebtedness of the railroad company to Mason, but would leave it as if no garnishment had been sued out or served. It is equally clear that a collection made as is alleged in this case, was not an official duty, and, in the absence of statute, would impose no liability on the notary's sureties.

[Keiser v. Smith.]

But the official bond of officers in this State is made "obligatory on the principal and sureties thereon . . for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office, as by his failure to perform, or the improper or neglectful performance of those duties imposed by law."—Code of 1876, § 179. In *McElhaney v. Gilleland*, 30 Ala. 183, this statute was construed. It was there said the object of the statute was "to extend the remedy beyond those cases in which a wrong is done in discharge of the legitimate duties of the office, to those in which a wrong is done under color of office." Quoting Bouvier, it was said, "Color of office is [where] a wrong is committed by an officer under the pretended authority of his office." A justice of the peace, or notary public having the jurisdiction of a justice, is a bonded officer, and, as such, has authority to collect money on claims placed in his hands for collection.—Code of 1876, §§ 756, 759, 1328; subd. 4, 1329. Under the averments of the complaint, if the notary had rendered judgment against the railroad company, condemning its indebtedness to the payment of the judgment against Mason, he would have had, authority to receive the money, and to give the railroad company a lawful discharge therefrom. He pretended he had rendered such judgment, and thereby pretended he had authority to receive the money. This, if true, was a wrongful act committed under color of his office, and rendered him and his sureties liable for the restitution of the money. This is unlike the case of *McKee v. Griffin*, 66 Ala. 211. In that case there was no law authorizing the officer to receive the money in his official capacity, and official sureties are only bound for acts that are official, or done under color of office. The first and third counts are sufficient; but there can be no recovery for any thing beyond the sum of money received, and interest upon it.

Reversed and remanded.