# *Doe ex dem.* State Land Co. *v.* Factors & Traders Ins. Co.

## *Ejectment.*

(Decided Dec. 16, 1909.  Rehearing denied Feb. 26, 1910.
51 South. 991.)

1. *State; Suit Against.*—Except by its own consent, the state may not be sued.

2. *Limitation of Action; Availability Against the State.*—While time does not run against the state, the state may waive this immunity.

3. *Constitutional Law; Equal Protection.*—While section 2974, Code 1896, discriminates in favor of the citizen against non residents, and is therefore violative of the 14th amendment of the Federal Constitution this does not deprive the citizen of the right to invoke the statute, since the Federal Constitution extends its privileges to non residents.

4. *Same.*—If section 240, Constitution 1901, affects section 2794, Code 1896, is does not render the statute invalid because discriminatory against corporations, but rather extends the privileges of the statute to corporations.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by John Doe on the demise of the State Land Company and another against Richard Roe with notice to the Factors & Traders Insurance Company. Judgment for defendant and plaintiffs appeal. Affirmed.

GUNTER & GUNTER, for appellant. Brief of counsel on the first submission of the cause did not reach the Reporter. On application for rehearing counsel for appellant insist, that the provisions of the statute is not extended to corporations as corporations are not citizens, and that the effect of the law creating a bar of limitations in favor only of citizens seems to be violative of the constitutional provisions discussed by our court in the following cases.—*S. & N. R. R. Co. v. Morris,* 65 Ala. 193; *Smith v. L. & N.,* 75 Ala. 449; *Gulf C. & S. S. R. R. Co. v. Ellis,* 165 U. S. 150. Corporations are not citizens.—7 Cyc. 136.

BESTOR, BESTOR & YOUNG, for appellee. No brief reached the Reporter.

SIMPSON, J.—This is a common-law action of ejectment by the appellant against the appellee.

Various questions in regard to the validity of certain tax proceedings and sales are discussed, but the appellant confesses that: "If the former statute (section 2794, Code 1896) was operative, of course, it bars all right, in this case, for the appellee went into possession under his deed of 29th September, 1881, and has

[Doe, ex dem. State Land Co. v. Factors & Traders Ins. Co.]

since held adverse possession as far as it could do so. So the question is whether there was any statute of limitations against the state." Said section 2794 provided a statute of limitations of twenty years when an action for lands was brought by the state against a citizen of the state. The argument of the appellant is that this section is violative of the fourteenth amendment to the Constitution of the United States, because the privilege of pleading the 20-year statute of limitations in actions · brought by the state was given only to citizens of this state; thus depriving citizens of other states of a like privilege or immunity. A sovereign state cannot be sued at all except by its consent; and it is equally true as a maxim of the law that nullum tempus occurrit regi. These are immunities of the state which it in the exercise of its sovereignty can either avail itself of or waive, and it is at least questionable whether the fact that the state chooses to waive its right in one instance, thereby confers upon the other party a privilege or immunity within the meaning of the Constitution. But, however that may be, even if it should be held that the discrimination in said section is violative of the Constitution of the United States, it would not follow that the citizen could not claim the benefit of the statute.

The Supreme Court of California has held that where a statute exempting certain classes from liability to an inheritance tax mentioned "nieces or nephews when a resident of this state," the effect of it was not to subject nieces and nephews residing in the state to the tax, but only to confer on nonresident nieces and nephews the same privileges. The court cites a number of authorities, and well expresses the principle as follows (speaking of section 2, art. 4, of the Constitution of the United States), to wit: "In this case there is no striking down of or limitation upon the right of

a state to confer such immunities and privileges upon its own citizens as it may deem fit. The clause of the Constitution is protective merely, not destructive, nor yet even restrictive. * * * It nowhere intimates that an immunity conferred upon citizens of a state, because not in terms conferred upon citizens of sister states, shall therefore be void. * * * The Constitution itself becomes a part of the law. * * * They (the courts) have never stricken down the immunity and privilege which a state may have accorded to its own citizens. * * * They have always construed the law so as to relieve the citizens of other states, and place all upon equal footing. * * * In all these cases and in every case, if the privilege or immunity has been by the state conferred upon its citizens, and not in terms upon citizens of other states, such privilege and immunity is not for that reason declared void, but the protecting arm of the Constitution is thrown around the citizens of every other state who are thus embraced within the privilege granted."—*Estate of Johnson,* 139 Cal. 532, 73 Pac. 424, 96 Am. St. Rep. 161, and cases cited.

It results that section 2794 of the Code of 1896 was operative, and that judgment was properly rendered for the defendant.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.

### ON REHEARING.

SIMPSON, J.—It is insisted that the reasoning of the opinion in this case does not relieve the statute of unconstitutionality, because it still leaves corporations, whether foreign or domestic, who are not "citizens" without the privilege accorded to citizens to plead the

20-year statute of limitations against the state, and our Constitution (section 240) provides that "all corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons."

In addition to what has already been said, the statute in question was in existence before the adoption of the Constitution of 1875, which is the first Constitution in which the section, now included in section 240 of the Constitution of 1901, appears.—Const. 1875, art. 14, § 12, Rev. Code 1867, § 2899, and section 2375 of the previous Code of 1852. Said section merely conferred upon corporations like privileges as were then enjoyed by individuals, and both from the wording of the constitutional provision and the principles announced in the opinion, if said constitutional provision affected the previous statute at all, it did not render it unconstitutional, but merely extended its provisions to corporations.

The case of *Smith v. L. & N. R. R. Co.*, 75 Ala. 449, does not contravene this principle. In that case the statute specially placed a burden on corporations and associations which was not placed on individuals. The statute created "an entirely new cause of action," and, as the court said, was "highly penal in its terms." The act which was condemned in *S. & N. R. R. Co. v. Morris*, 65 Ala. 193, fixed a penalty, in the shape of an attorney's fee, on a corporation or person owning a railroad in certain suits, which it was held could not be done under this clause of the Constitution. So a similar statute was held by the Supreme Court of the United States as "simply a statute imposing a penalty upon railroad corporations for a failure to pay certain debts. No individuals are thus punished, and no other corpo-

rations."—*Gulf, Colo. & S. F. Ry. v. Ellis,* 165 U. S. 150, 153, 17 Sup. Ct. 255, 41 L. Ed. 666.

It will be readily seen that the principle in these cases is entirely dissimilar to that by which the Constitution throws its arms around others entitled to equal privileges, and extends the privilege accorded to others to them.