(77 South. 696)

BRADFORD et al. v. STATE. (8 Div. 73.)

(Supreme Court of Alabama. Dec. 20, 1917. Rehearing Denied Jan. 24, 1918.)

1. COUNTIES ⟨⟩101(5)—ACTION ON TREASURER'S BOND.

In view of Code 1907, §§ 2440–2450, expressly authorizing the state to sue to recover county moneys lost by the negligence of any public officer, the state could sue on the bond of a county treasurer by whose deposit of school funds in an insolvent bank the school funds were lost.

2. Counties ⬤101(5)—Action on Treasurer's Bonds—Parties.

An action by the state against the sureties on the bond of a county treasurer by whose deposit of school funds in an insolvent bank the funds were lost need not be against the defaulting officer or his personal representative, in view of Code 1907, § 2443 et seq., providing for suits by the state, and section 1500, making every official bond obligatory on the principal and surety thereon, for the use and benefit of every person injured.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by the Attorney General, in behalf of the State, against W. E. Bradford and others. From an order overruling demurrer to the bill, defendants appeal. Affirmed.

Goodhue & Brindley, of Gadsden, for appellants. W. L. Martin, Atty. Gen., and L. E. Brown, Asst. Atty. Gen., for the State.

MAYFIELD, J. This is a bill filed by the Attorney General of the state, in the name of the state, against the sureties on the official bond of the county treasurer of public school funds for Marshall county, to recover public school funds which came into the hands of such treasurer, and were lost by the fault of the officer in depositing the funds in an insolvent bank. The bill also seeks an equitable attachment in aid of the bill. The respondents demurred to the bill, assigning many grounds of demurrer. The demurrer was overruled, and the respondent sureties prosecute this appeal.

It is first insisted that the bill should have been filed in the name of the county of Marshall, and not in the name of the state of Alabama, because the funds lost were the property of the county, and not that of the state. Second, that the county treasurer, or his personal representative, is a necessary party to the suit, in that sections 2444 et seq. of the Code do not apply, except where the action is against the defaulting officer or his personal representative. Third, that the averments of the bill do not make a case within the operation of sections 2443 et seq. of the Code, and that without the aid of these Code provisions the bill would contain no equity. Fourth, that as the defaulting officer was not authorized to receive any funds except county funds, if any state funds came into his possession it was not by virtue of his office, and that for such state funds, or the loss thereof by the county treasurer, the sureties on such officer's official bond were not liable.

[1] Counsel for appellants cite and rely upon the cases of Morrow v. Wood, 56 Ala. 1, and Jackson County v. Derrick, 117 Ala. 348, 23 South. 193, in support of the first proposition, that the suit should be by the county of Marshall and not by the state of Alabama. These cases are not applicable for the reason that we had no statutes at all corresponding with sections 2443 et seq. of the Code when the first case was decided, and none providing for cases like this, as to county funds, when the last-mentioned case was decided. In neither of those cases was the suit brought by, or in the name of, the state. The Code now expressly authorizes suits like this to be brought by the state. See chapter 48, art. 1, §§ 2440–2450, of the Code. The bill in question was evidently filed under this article of the Code, and hence there is express authority therefor, whether the funds in question be considered state, or county funds.

So far as appears from the bill in this case, it is not now necessary for us to decide whether the funds lost were the property of the county or that of the state, or whether or not the county is the party aggrieved, within the meaning of section 2473 of the Code, as to actions on official bonds, for the reason that the statute now authorizes the suit by the state if the funds be those of the county.

[2] It is not at all necessary that the suit should be against the defaulting officer, or his personal representative, in order to authorize suit against the sureties on the official bond. The statutes do not so provide. Code, § 2443 et seq.; Code, § 1500.

As before stated, the bill falls clearly within the statutes cited; hence, there is nothing in the third proposition.

The fourth proposition is likewise without merit, because, as we have said, it is immaterial whether the funds be those of the state or funds of the county, the statute authorizing the suit by the state, and section 1500 of the Code, fixing liability on the sureties as for the loss of funds in the manner alleged in the bill.

It therefore results that there was no error in overruling the demurrer to the bill, and that the decree of the lower court is in all things affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.