(85 South. 435)

BRADFORD, County Superintendent of Education, et al. v. STATE. (8 Div. 212.)

(Supreme Court of Alabama. Dec. 18, 1919. Rehearing Denied Jan. 29, 1920.)

1. Jury ⊙⇒31(4)—Statute authorizing equity action against sureties on officer's bond held constitutional.

Code 1907, § 2445, authorizing the institution of a suit in equity against public officer and sureties on his bond for misappropriation of funds, held constitutional as against contention that the sureties would be denied a right to a jury in such action; the right to a jury trial being given them by section 2449.

2. Schools and school districts ⊙⇒48(6)—Sureties on officer's bond liable, though warrant on which money was obtained was irregular.

Where county superintendent of education who was county treasurer of public school funds misappropriated public educational funds appropriated to such county after securing possession thereof by warrants drawn on his requisition as county treasurer of public school funds were liable, he having received funds by virtue of his office or under color thereof, notwithstanding issuance of warrants was irregular because of auditor's noncompliance with Code 1907, § 1771, such irregularity not being available to sureties.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by the State of Alabama against W. E. Bradford, as County Superintendent of Education, and the sureties on his official bond, to recover an amount alleged to have been misappropriated by Bradford of the public funds coming into his hands by virtue of his office, with ancillary writ of attachment. From a decree granting the relief prayed, respondents appeal. Affirmed.

The appellants contend: First, that the money paid over to Bradford by the state treasurer out of the public school funds was not paid to him or received by him under color of his office or under any apparent authority to receive the claim, and therefore the sureties on his official bond are not liable therefor; second, that the state of Alabama is not the proper party plaintiff; and, third, that the chancellor should have dismissed the bill inasmuch as section 2445, Code 1907, is void in that it deprives the sureties of their right of trial by jury.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Goodhue & Brindley, of Gadsden, for appellants.

As to the first proposition contended for, counsel cite 66 Ala. 211; 60 Ala. 328; 63 Ala. 511; 56 Ala. 1; 51 Ala. 364; 38 Ala. 670; 30 Ala. 183; 63 Ala. 596; 65 Ala. 201; 116 Miss. 358, 77 South. 152 (reported, with note, in L. R. A. 1918C, 395); 74 Ohio St. 80, 77 N. E. 686, 6 Ann. Cas. 917; 108 Cal. 101, 41 Pac. 455, 29 L. R. A. 673, 49 Am. St. Rep. 68; 150 Pac. 1029; 138 Ky. 676, 128 S. W. 1079; 152 Mo. App. 687, 133 S. W. 401; 144 Ky. 335, 138 S. W. 300; 56 Neb. 82, 76 N. W. 474; 89 Miss. 784, 42 South. 602, 119 Am. St. Rep. 720, 11 Ann. Cas. 327; 52 South. 865, 65 Misc. Rep. 468, 4 South. 429; 44 South. 928. The state was not a proper party plaintiff. Acts 1915, p. 697; 117 Ala. 348, 23 South. 193; 56 Ala. 1. The effect of section 2445, Code 1907, is to deprive the sureties on the official bonds of their constitutional right of trial by jury. 16 Cyc. 29. The state's motion to dismiss the appeal should not be granted. 3 Corp. Jur. 458; 152 Ala. 317, 44 South. 546; 168 Ala. 469, 53 South. 228; 171 Ala. 451, 54 South. 563.

J. Q. Smith, Atty. Gen., and Lawrence E. Brown, Asst. Atty. Gen., for the State.

The state was the proper party to bring this action. 201 Ala. 170, 77 South. 696. Appellants cannot raise the proposition of the unconstitutionality of section 2445, Code 1907, for the first time on this appeal.

The money was received under the color of office, and sureties are liable. 180 Ala. 639, 61 South. 963, and cases cited.

BROWN, J. On the former appeal from the decree of the court overruling the demurrers to the bill, it was ruled that the state was authorized by the statutes to sue for the recovery of school funds misappropriated or converted by the county treasurer of public school funds coming into his hands by virtue of his office or under color thereof, whether the funds belonged to the county or were state funds set apart to the public schools of the county. Bradford et al. v. State, 201 Ala. 170, 77 South. 696.

[1] While section 2445 of the Code of 1907 authorizes the institution of the suit "in a court of equity without the statement or assignment of any special cause for equitable interference," and authorizes the joinder of the sureties on the official bond, or any one or more of them, as parties, section 2449 authorizes a trial by jury on the demand of the defendants, and provides that "the verdict of the jury shall have the force and effect of a verdict in a court of law." Therefore, if it should be conceded that, without such provisions, the statute would impinge the constitutional guaranty of the right of trial by jury, the appellants' contention in this respect is answered by the statute itself.

The next contention advanced is that the facts—which are without dispute—show the school funds misappropriated and squandered by Bradford did not come into his hands by virtue of his office or under color thereof; and therefore the sureties on his official bond are not liable. This contention is rested on the failure of the auditor to require compliance with section 1771 of the Code, by the filing with him of a duplicate pay roll, verified by the county superintendent and approved by the state superintendent, before issuance of his warrant to the treasurer of county funds. The warrants were issued on written requisitions of Bradford "as county treasurer of public school funds," and some of the requisitions were for amounts in excess of what was required to meet the pay rolls made up by the county superintendent of education.

The several requisitions were forwarded to the state superintendent of education, and after approval by him were presented to the auditor, who drew his warrants on the state treasurer, payable out of "the educational funds of Marshall county," and payable to "S. A. Bradford, Treas." These several warrants were delivered to Bradford as treasurer of public school funds of Marshall county, and by him indorsed "S. A. Bradford, Treas."; and were either collected by him, or deposited by him in the bank of Guntersville—of which he was cashier—to his credit, and afterwards indorsed by the bank, through and by Bradford as its cashier, and collected in due course.

[2] The test of liability here is: (1) Was the county treasurer of public school funds authorized by law to receive such funds, (2) was Bradford such county treasurer when he received them, and (3) did he receive them by virtue of his office or under color thereof? The first two propositions are not contested; and the mere statement of facts, we think, is all that is necessary to show that these funds came into Bradford's hands as county treasurer of public school funds, by virtue of his office or under color thereof. Mobile County v. Williams, Judge, etc., 180 Ala. 639, 61 South. 963; Mayson v. Crabtree, 71 Ala. 479.

The funds upon which the several warrants were drawn, were the public educational funds appropriated and set apart to Marshall county; and the warrants were drawn on Bradford's requisitions "as county treasurer of public school funds," and were received and collected by him during his official term as such treasurer. The mere fact that the provisions of the statute, designed to protect such funds, were not complied with, or that some other officer or officers were lax or negligent in respect to their duties, or that the proceed-

ings or steps leading to the issuance and payment of the warrants were irregular, are matters not available to ' Bradford's sureties in this action. Wylie et al. v. Gallager et al., 46 Pa. 205; Boehmer v. County of Schuylkill, 46 Pa. 452; Heppe v. Johnson et al., 73 Cal. 265, 14 Pac. 833; Sutherland v. Carr, 85 N. Y. 105.

In the case of People v. Toomey et al., 122 Ill. 308, 13 N. E. 524, cited and relied on by the appellants, the funds for which the sureties were sought to be held liable came into the hands of their principal "after the expiration of his term of office," and for this reason that case is not an apt authority here.

We find no errors in the record, and the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.