DAVIS et al. v. WOODLAWN SAV. BANK et al. (6 Div. 303.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

1. Banks and banking ⟨Key⟩154(5)—Bill against bank to recover deposits wrongfully diverted held not to show grounds for equitable relief.

A bill to charge a bank with wrongful diversion of funds deposited by a church committee, alleging withdrawal of funds by members of committee who signed names of other members without their consent, and that bank made payment with knowledge thereof, or that such knowledge could have been acquired by ordinary care, and not alleging diversion or knowledge of diversion, is insufficient to show grounds for equitable relief.

2. Banks and banking ⟨Key⟩154(1)—Depositor suing to recover deposit paid by bank on check wrongfully drawn held to have adequate legal remedy.

A depositor has an adequate remedy at law to recover funds paid by a bank on a check wrongfully drawn and without authority.

3. Banks and banking ⟨Key⟩130(1)—Bank must have knowledge of trust character of funds to be accountable for wrongful conversion of fund.

To hold bank accountable in equity for wrongful diversion of trust funds, it must appear that bank had notice of trust character of fund.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by E. D. Davis and others, for the Groveland Baptist Church, against the Woodlawn Savings Bank and others. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

Hayden & Hayden, of Birmingham, for appellants.

It was error to sustain demurrer to the bill. Blount v. Church, 206 Ala. 423, 90 So. 602; McCarty v. Bank, 204 Ala. 424, 85 So. 754, 15 A. L. R. 153; Manning v. Yeager, 203 Ala. 185, 82 So. 435; Townley v. Corona Coal Co., 200 Ala. 627, 77 So. 1; Morgan v. Gabard, 176 Ala. 568, 58 So. 902; Gewin v. Mt. Pilgrim Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Hutchinson v. Bank, 145 Ala. 196, 41 So. 143.

Horace C. Wilkinson, of Birmingham, for appellees.

The deposit being made in the name of the church, the title to the fund passed to the church. N. Y. Nat. Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 L. Ed. 380; State v. Bartley, 39 Neb. 353, 58 N. W. 172, 23 L. R. A. 67. There was no trust character to the deposit. 41 Mont. 249, 108 P. 914, 28 L. R. A. (N. S.) 507. It was necessary that the bank have notice of the trust character of the deposit. 3 R. C. L. 533, 549; 2 Michie, Banks & Banking, 941; 7 C. J. 646.

GARDNER, J. From a decree sustaining demurrers to the bill, the complainants have prosecuted this appeal.

Counsel for appellants state in brief that "the theory on which this bill is filed is to invoke the protective jurisdiction of equity to prevent the diversion of property from devotion to a lawful trust," citing, among other authorities, Morgan v. Gabard, 176 Ala. 568, 58 So. 902; Burke v. Roper, 79 Ala. 138; Christian Church v. Sommer, 149 Ala. 145, 43 So. 8, 8 L. R. A. (N. S.) 1031, 123 Am. St. Rep. 27; Gewin v. Mt. Pilgrim Church, 166 Ala. 345, 51 So. 947, 139 Am. St. Rep. 41; Manning v. Yeager, 203 Ala. 185, 82 So. 435; Manning v. Yeager, 201 Ala. 599, 79 So. 19; Nat. Bank v. Life Ins. Co., 104 U. S. 54, 26 L. Ed. 693.

It appears from the bill that the money was placed on deposit in the defendant bank by a committee of the congregation of the Groveland Baptist Church, in behalf of which the bill is filed; but the account was not opened at the bank in the names of the committee as trustees or in their names at all, but in the name of the Groveland Baptist Church. While it is alleged that the funds deposited were accumulated for the purpose of building a church or repairing the church edifice, yet there is no averment that the defendant bank had notice of such purpose or that said bank had knowledge or notice that the funds were held in trust.

"In order to render a bank liable for the wrongful withdrawal and misappropriation of trust funds deposited with it, it must have had notice or knowledge of the trust character of the funds." 3 R. C. L. 551; Sayre v. Weil, 94 Ala. 466, 10 So. 546, 15 L. R. A. 544; Duckett v. National Bank, 86 Md. 400, 38 A. 983, 39 L. R. A. 84, 63 Am. St. Rep. 513; Nat. Bank v. Life Ins. Co., 104 U. S. 54, 26 L. Ed. 693.

"It is the general rule that, if a bank has notice or knowledge that a breach of trust is being committed by the improper withdrawal of funds, it incurs liability, becomes responsible for the wrong done, and may be made to replace the funds which it has been instrumental in diverting, and specially is this so if it participates in the misappropriation, and receives the fruits of such misappropriation." 3 R. C. L. 550.

"If money is deposited by one as trustee, the depositor or trustee has the right to withdraw it, and, in the absence of knowledge or notice to the contrary, the bank has a right to presume that the trustee will appropriate the money, when drawn, to a proper use." 3 R. C. L. 549, 550.

The bank, therefore, would be under no duty of supervision as to the administration of the trust. 3 R. C. L. supra.

It is averred in the bill that the only authority for withdrawal of the funds was upon the signature of a named committee, and that funds had been withdrawn by one or more members of the committee by signing the names of the other members without their knowledge or consent, and that the bank made these payments with knowledge that those checks had been wrongfully signed, or, if mistaken in this, then, in the alternative, that said knowledge could have been acquired by the exercise of ordinary care and diligence. The bill must here be judged by its weakest alternative, and it is apparent that the last alternative is not the equivalent of an averment that the bank had notice or knowledge of any diversion of the trust funds. Moreover, the bill does not charge in fact a diversion of trust funds, for, construing the bill most strongly against complainants, notwithstanding the withdrawal of a portion of the funds upon checks wrongfully signed, the funds were nevertheless devoted to the purpose for which they were intended.

The averments of paragraph 5 in connection with the exhibit referred to therein merely indicate a check drawn on the funds by one member of the committee and which was not paid on account of insufficient funds. Whether the bank would have been liable if said check had been paid is not here presented. Very clearly, the equity of the bill cannot be made to rest upon the averments of this paragraph.

The grounds of jurisdiction of the equity court in the authorities relied upon by counsel for appellant, "is the trust nature of the fund, and its charitable use, and the inadequacy of legal remedies." Burke v. Roper, supra.

[2, 3] For the payment of funds upon a check wrongfully drawn and without authority, the remedy at law is plain and adequate. But to hold the bank accountable in equity it must appear there has been a diversion of the trust funds and that the bank had knowledge or notice of the trust character of the fund with which it is charged to have participated in diverting from its lawful purposes.

We are of the opinion the averments of the bill fail to bring it within the influence of the authorities relied upon by appellant, and that the demurrers thereto were properly sustained.

The decree rendered will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.