(117 So. 296)

STATE v. CLEMENTS et al. (3 Div. 844.)

Supreme Court of Alabama. June 7, 1928.

1. States ⬤═187—Money paid under mandamus judgment warrant for relief of national guardsman held not recoverable by state as "wrongfully used" or "negligently lost" (Acts 1927, p. 638; Code 1923, §§ 5648, 5649).

Where state auditor, in obedience to judgment of mandamus, issued warrant on state treasurer to carry out Acts 1927, p. 638, providing for payment of specified sum for relief of national guardsman injured in line of his duty, and money was paid in obedience thereto, held that money was not "wrongfully used" or "negligently lost" to the state within Code 1923, §§ 5648, 5649, so as to authorize bill by state to recover such payment.

2. Mandamus ⬤═178—Mandamus judgment requiring issuance of warrant for relief of national guardsman under special statute held not subject to collateral attack by state (Const. 1901, §§ 14, 106, 143; Code 1923, §§ 5648, 5649).

Where state auditor, in obedience to judgment of mandamus, issued warrant on state treasurer to carry out Acts 1927, p. 638, providing for payment of specified sum for relief of national guardsman injured in line of his duty, and money was paid in obedience thereto, held that, though state was not a party to the mandamus suit, and judgment was therefore not res judicata as to it under Const. 1901, §§ 14, 143, judgment could not be collaterally attacked by state in suit under Code 1923, §§ 5648, 5649, to recover such payment on ground that mandamus judgment was void as special law passed without notice of intention to apply therefor under Const. 1901, § 106, or for failure of petition for mandamus writ to state cause of action.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by the State of Alabama against J. F. Clements and Arthur B. Chilton. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The state may bring suit, for the recovery of money illegally paid out by an officer, in a court of equity, without assigning any special cause for equitable interference; and no objection may be taken to the bill for multifariousness nor on the ground that there is adequate remedy at law. Code 1923, §§ 5648,

5649. The act which authorized the payment of the money was void, and hence the petition of Clements for mandamus, based upon said act, and showing on its face that said act was void, stated no cause of action, and would not support a valid judgment, and the judgment thereon was void. Taylor v. Jones, 52 Ala. 78; Cummins v. Gray, 4 Stew. & P. 397; St. Clair County v. Smith, 112 Ala. 347, 20 So. 384; Kelly v. Burke, 132 Ala. 235, 31 So. 512; L. & N. R. Co. v. Mason, 4 Ala. App. 853, 58 So. 963. A judgment rendered on an unconstitutional act is void, and subject to collateral attack. Ex parte Yarbrough, 110 U. S. 651, 4 S. Ct. 152, 28 L. Ed. 274; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Medley, Petitioner, 134 U. S. 160, 10 S. Ct. 384[1]; Savage, Petitioner, 134 U. S. 176, 10 S. Ct. 389, 33 L. Ed. 842; Dreyer v. Pease (C. C.) 88 F. 978; Ex parte Siebold, 100 U. S. 371, 25 L. Ed. 717. The constitutionality of a statute is subject to collateral attack. Ex parte Pitts, 35 Fla. 149, 17 So. 76. The state was not a party to the original suit, and res adjudicata cannot be pleaded against the state. Const. 1901, § 14.

Arthur B. Chilton, of Montgomery, for appellees.

The money, having been paid out under court order, was not wrongfully used, and the bill will not lie. Code 1923, §§ 5648, 5649. The act was valid, as judicially determined by the trial court, and the petition did not show on its face that the act was invalid. In absence of fraud in its procurement, the judgment of a court is final and binding as to all issues there litigated or which should or could be litigated. No fraud is here shown, nor is there any question as to jurisdiction. The judgment in the mandamus case is binding on the state; there being privity between the state auditor, in his official capacity and official acts, and the state. 15 R. C. L. 1016, 1029; City Council v. Walker, 154 Ala. 242, 45 So. 586, 129 Am. St. Rep. 54.

BROWN, J. This bill is filed by the state to follow and recover from the defendants the sum of $2,500 paid on a warrant drawn by the state auditor on the treasury of the state under the provision of an act of the Legislature approved September 6, 1927, entitled:

"An act to authorize and provide for the payment of the sum of twenty-five hundred dollars for the relief of J. F. Clements of Montgomery county, who was injured on the 16th day of October, 1910, while in line of duty with the National Guard of Alabama." Acts 1927, p. 638.

The bill is filed under the provisions of sections 5648 and 5649 of the Code of 1923, the first of which provides that:

"In the event any public officer or any agent of the state, or any depositary or custodian of

[1] 33 L. Ed. 835.

the public funds or moneys, has *wrongfully used* such funds or moneys, suits for the recovery thereof may be instituted at law or in equity, before any court having jurisdiction of the subject-matter," etc.

Section 5649 provides that:

"Such suit may be instituted in a court of equity without the statement or assignment of any special cause for equitable interference; and such officer or agent, such depositary or custodian, and the sureties on his official bond, or any one or more of them, may be joined as parties defendant; and any person who has wrongfully received such moneys or funds from such officer, agent, depositary, or custodian, *may also be joined* as a party defendant," etc.

These statutes have been held to authorize a proceeding in equity by the state against a county treasurer of public school funds, and the sureties on his official bond, for funds lost by the negligence of such treasurer. Bradford et al. v. State, 201 Ala. 170, 77 So. 696; Id., 204 Ala. 46, 85 So. 435.

The bill avers that the respondent Clements, after demand made on the state auditor for the issuance of a warrant in accordance with the provision of said act, and his refusal to do so, instituted a mandamus proceeding by petition, in the circuit court of Montgomery county against the state auditor to compel the issuance of such warrant, and, on the hearing of such petition, a judgment was duly entered directing the issuance of a peremptory writ of mandamus to the auditor commanding him to draw a warrant on the state treasury for the payment of the claim, and, after the expiration of the time for an appeal, the warrant was issued and the money paid thereon by the state treasurer.

The bill asserts that this judgment is void on the ground that the act of the Legislature appropriating the money and directing the issuance of a warrant therefor is a special law, and was passed without notice of an intention to apply therefor, being given as required by section 106 of the Constitution, and, this fact being averred in the petition for the writ of mandamus, it failed to state a cause of action.

Among other grounds of demurrer filed by the respondents to the bill is that "the bill shows on its face that the said judgment, even if erroneous, is not void, and is not subject to collateral attack."

[1] It must be conceded that, if the auditor issued the warrant in obedience to the judgment of a court of competent jurisdiction, not void on its face, and the money was paid in obedience to such judgment, it cannot be said that it was "wrongfully used," or "negligently lost," to the state, within the meaning of the statutes under which the bill is filed.

[2] While it must be conceded that the state was not a party to the suit, and could not be so made because of its constitutional immunity, so as to make the proceeding there res ad-

judicata, Const. 1901, § 14; South & North Ala. R. R. Co. v. State, 53 Ala. 637; Alabama Industrial School v. Addler, 144 Ala. 555, 42 So. 116, 113 Am. St. Rep. 58; Doe ex dem. State Land Co. v. Factors & Traders Ins. Co., 166 Ala. 63, 51 So. 991; Hampton et al. v. State Board of Education of Florida et al., 90 Fla. 88, 105 So. 323, 42 A. L. R. 1456, and note, pp. 1465-1496; 25 R. C. L. 412, 413, §§ 49, 50; yet this rule of immunity does not exempt state officers from the influence of judicial process to compel the performance of a ministerial act. Tenn. & Coosa R. R. Co. v. Moore, 36 Ala. 371; State ex rel. Turner v. Henderson, Gov., 199 Ala. 244, 74 So. 344, L. R. A. 1917F, 770; Stewart v. Wilson Printing Co., 210 Ala. 624, 99 So. 92.

The question presented to the circuit court of Montgomery county for decision in the mandamus proceedings, and calling into exercise its general and plenary power as a court of general, as distinguished from a court of statutory and limited jurisdiction, was whether or not the state auditor was under legal duty to draw a warrant on the state treasury for the payment of the amount appropriated by the Act approved September 6, 1927, and whether the petitioner in that case had a clear legal right to have this duty performed. Lewis v. Jenkins, 215 Ala. 680, 112 So. 205. In that proceeding the constitutional integrity of the special act was within the issues of law and fact to be determined, and, it appearing that the court had jurisdiction of the subject-matter and the parties, the judgment there rendered is not subject to collateral attack. Const. 1901, § 143; State ex rel. Pinney v. Williams, 69 Ala. 311; Home Guano Co. et al. v. State ex rel. Pike, 193 Ala. 548, 69 So. 419; Roman v. Morgan, 162 Ala. 133, 50 So. 273; White v. Simpson, 124 Ala. 241, 27 So. 297; Weaver v. Brown, 87 Ala. 536, 6 So. 354; Hunt's Heirs v. Ellison's Heirs, 32 Ala. 173; Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787.

While cases may be found taking a contrary view, we are of opinion that this rule protecting the judgments of courts of general jurisdiction from collateral attack precludes inquiry on such attack, as to whether the petition or complaint in a civil proceeding stated a cause of action, and as to whether the statute upon which it is predicated violates the Constitution. 15 R. C. L. 861-864, §§ 335, 339; Altman v. School District, 35 Or. 85, 56 P. 291, 76 Am. St. Rep. 468; Board of Children's Guardians of Marion County v. Shutter, 139 Ind. 268, 34 N. E. 665, 31 L. R. A. 740.

On a direct attack, the rule is different, as will appear from the following cases: Boyett et al. v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546; Central of Ga. Ry. Co. v. Carlock, 196 Ala. 659, 72 So. 261. See Roman v. Morgan, supra.

This will indicate that we are of opinion

that the demurrers to the bill were properly sustained.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.