WILLIAMS, Superintendent of Banks, et al. v.
STATE, for Use and Benefit of PICKENS
COUNTY et al.

6 Div. 729.

Supreme Court of Alabama.
May 16, 1935.

D. D. Patton, of Carrollton, and R. B. Patton, of Athens, for appellants.

Adams & Gillmore, of Grove Hill, amici curiæ.

A. A. Carmichael, Atty. Gen., and Foster, Rice and Foster, of Tuscaloosa, for appellees.

BOULDIN, Justice.

The bill was filed by the Attorney General in the name of the state of Alabama, suing on its own behalf, and for the use of Pickens county, to recover public funds unlawfully deposited by the tax collector of Pickens county in the Bank of Carrollton.

To this end, the bill claimed preferential payment out of the funds coming to the hands of the superintendent of banks on failure of the Bank of Carrollton, and now in liquidation. The trial court granted the relief prayed.

Appellants do not challenge the recovery of state funds, nor ordinary county funds so on deposit at the time the bank failed.

The main insistence is, that the preferred charge or lien based on the doctrine of prerogative right of the state does not extend to public school funds derived from collections of the county 1 mill and 3 mill school taxes, or the 3-mill district tax.

"The Legislature shall establish, organize and maintain a liberal system of public schools throughout the State for the benefit of the children thereof between the ages of seven and twenty-one years." Constitution of Alabama, 1901, § 256.

Article 14 of the Constitution is devoted to the subject of education.

Supervision of the public schools is vested in a superintendent of education, a constitutional officer, section 262; specific funds are segregated, set apart for this purpose only. Among these is the 1-mill county tax for public schools when voted by the qualified electors. Section 269.

The 3-mill county school tax and 3-mill district school tax are also of constitutional origin. Article 19, Amendment No. 3.

Without question, public education through a system of public schools is, by the Constitution, as well as by the statutes, a government function in Alabama; indeed a major activity of the state government.

County boards of education, county superintendents of education, county treasurer of public school funds, school district organizations, are all parts of the state set-up in maintaining a system of public schools throughout the state.

In the nature of the case, schools must be located and conducted in districts where the children reside.

Every public school is a state school, created by the state, supported by the state, supervised by the state, through state wide and

local agencies, taught by teachers licensed by the state, employed by agencies of the state.

County and district school taxes, therefore, go to maintenance of state schools, parts of the system of state schools, just as other public school funds. A loss of such funds would cripple the state school enterprise, just as the loss of any other school funds. This is the real test in the application of the prerogative doctrine; the necessity to conserve the public funds, the means whereby the state functions in its governmental undertakings. Pickens County et al. v. Williams, Superintendent of Banks, et al., 229 Ala. 250, 156 So. 548; Montgomery, Superintendent of Banks, v. State et al., 228 Ala. 296, 153 So. 394, and cases there cited.

It is of no moment that the taxes are paid by local subdivisions, earmarked for the schools in which the taxpayers are directly interested, and designated as county and district funds; nor that local custodians and administrative agencies with corporate powers are made a part of the state educational set-up.

It would seem no argument is required to demonstrate that such funds should be held not less sacred because they are levied at the volition of a majority of the qualified electors. Nothing in Montgomery, Superintendent of Banks, v. City of Athens, 229 Ala. 149, 155 So. 551, should be construed to the contrary.

A suit in equity in the name of the state, authorized by Code, § 5647 et seq., may include all such funds; cause them to be returned to their lawful custodians and to be devoted to the purposes of their creation. Bradford et al. v. State, 201 Ala. 170, 77 So. 696; Bradford, County Superintendent of Education, et al. v. State, 204 Ala. 46, 85 So. 435; State v. Clements et al., 217 Ala. 685, 117 So. 296; National Surety Co. v. State et al., 219 Ala. 609, 123 So. 202.

The trial court did not err in denying a deduction for the tax collector's commissions on the funds so unlawfully converted. The tax collector's duties and services as to public funds are not completed by their collection merely. His duty to pass them on in regular course to the lawful custodian is just as important and imperative. The law of commissions as to him should not be less severe than that applied to executors and administrators in the execution of their trusts. 7 Michie's Digest, page 294, § 377.

The statute, Code, § 3048, authorizing the tax collector to retain his commission when he does make payment into the state treasury, implies nothing opposed to the views above expressed, but rather supports the same.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.