498

59 So.2d 817

**CHEROKEE COUNTY BANK v.
STATE et al.**

**7 Div. 66.**

Supreme Court of Alabama.
April 24, 1952.

Rehearing Denied June 26, 1952.

Hugh Reed, Jr., Centre, and Martin, Turner & McWhorter, Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for appellee.

LIVINGSTON, Chief Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Cherokee County, Alabama, overruling appellant's demurrer to the bill of complaint of the State of Alabama, the State of Alabama for the use and benefit of Cherokee County, and the State of Alabama for the use and benefit of the several school districts of Cherokee County. The action was instituted under and by virtue of the provisions of Title 7, § 73 et seq., of the Code of 1940.

Suit was brought by the complainants above set out, against the Cherokee County Bank (the appellant here) and the Farmers and Merchants Bank to recover the sum of $5,485.28 of alleged public money belonging to the several parties complainant. On petition to intervene the Town of Centre, Alabama, was made party complainant in the cause, and no point is raised in that regard.

The bill alleges, in substance, that one Joe S. Daniel was the duly elected and qualified Tax Collector of Cherokee County, Alabama: that the said Joe S. Daniel, as said Tax Collector, was short in his official accounts in the amount of $19,026.-79, and that each complainant was entitled to certain specified portions of said amount: that upon demand of the Attorney General the National Surety Corporation, the surety on the official bond of Joe S. Daniel paid to the State of Alabama for the use of itself and the several complainants the sum of $15,000: that thereafter, judgment was rendered against Daniel for the deficiency, a copy of which judgment was attached to and made a part of the bill of complaint.

The bill then alleges as follows:

"Plaintiff alleges further that on, to-wit, December 30, 1942, and while Joe S. Daniel was the duly elected

and qualified Tax Collector of Cherokee County, Alabama, the defendants Farmers and Merchants Bank and Cherokee County Bank were both his official depositories. Said Joe S. Daniel had on deposit in said Cherokee County Bank official funds which were in his custody as Tax Collector in the amount of $5,950.00, or more, and on said day withdrew the sum of $5,950.00 from said Bank and deposited same in his official account in the Farmers and Merchants Bank, his other official depository. On said day, to-wit, December 30, 1942, certain promissory notes aggregating $5,485.28, some of which were signed by Joe S. Daniel and others of which were signed by certain of his friends, were owned and held by the aforesaid Cherokee County Bank. All of said notes were paid on to-wit: the following day, by said Joe S. Daniel by withdrawing from his official account as Tax Collector in the Farmers and Merchants Bank the sum of $5,485.28 and paying same over to said Cherokee County Bank; which said withdrawal and payment were effected by said Joe S. Daniel giving the Farmers and Merchants Bank his check on his official account therein and obtaining in exchange therefor the check, draft, or bill of exchange of said bank in said amount of $5,485.-28, and delivering same to the aforesaid Cherokee County Bank in payment of the individual obligations of himself and his friends in the amount of $5,485.28, as aforesaid. The Cherokee County Bank, when accepting said check, draft, or bill of exchange in payment of the personal or individual obligation of said Joe S. Daniel and his friends, well knew that the same was payable out of public funds held in trust and on deposit by said Joe S. Daniel, as Tax Collector of and for Cherokee County, Alabama. The Farmers and Merchants Bank charged the official account of Joe S. Daniel as Tax Collector as aforesaid with the sum of $5,485.28, and when doing so and when issuing its check, draft, or bill of exchange in that amount as aforesaid, knew the facts set forth in this paragraph and knew that said check, draft, or bill of exchange would be used to pay the individual obligations of said Joe S. Daniel and his friends in the Cherokee County Bank as herein stated."

The bill prayed for a recovery against the two banks, or either of them, for the amount claimed in the bill for the use of the State itself, and for the use and benefit of the several complainants, and for general relief.

The Farmers and Merchants Bank interposed demurrers to the bill which were sustained. Appellees do not assign cross-errors and there is no point made as to this action by the court below. The Cherokee County Bank interposed separate demurrers to the bill which were overruled, and it is from this decree that the appeal was perfected.

The questions argued are summarized by appellant, in brief, as follows:

"1. No cause of action is stated for that the deposit of the alleged public funds in a duly designated official depository deprived them of any public or trust character and vested the depository with the title to such funds, thus depriving appellees of the remedy provided by Code 1940, Title 7, Sections 73–75.

"2. The State cannot maintain this action for the use and benefit of Cherokee County as Section 73, Title 7, Code, under the provisions of which the action is brought, limits the right of the State to sue for the use of the county to recover public moneys or funds of the county.

"3. Recovery in this action is barred by a former judgment in a suit involving the same subject matters and between the same parties."

Section 73, Title 7, Code 1940, provides:

"Suits for the recovery of public moneys.—The governor may cause suits to be instituted for the recovery of any public moneys, or funds, or property of the state or of any county,

lost by the neglect or default of any public officer, or *which have been wrongfully expended or disbursed by such officer, or which have been wrongfully used by such officer, or wrongfully received from him."* [Italics supplied].

█ When properly interpreted, we think that the gravamen of the bill of complaint is that the Tax Collector wrongfully expended or disbursed, or wrongfully used public moneys in paying his personal obligations, and that of his friends, to appellant, the Cherokee County Bank, with knowledge on the part of the bank of such wrongful expenditure, disbursement or use, or'that the bank wrongfully and knowingly received from the Tax Collector public moneys in payment of his personal obligations, and that of his friends, to the bank.

Perhaps, it was unnecessary to allege in the bill the manner or method used by Daniel in paying his, and his friends, personal obligations to the appellant out of public moneys on deposit with appellant. We think that no amount of manipulation or the transferring of public moneys from one bank to another, nor the form in which eventual payment was made to appellant can change the result, if, as alleged, the appellant had knowledge of the true transaction, that is to say, if the Cherokee County Bank knew that Daniel used public moneys to pay his and his friends' personal obligations to the bank, the bank would be liable.

It is urged by appellant that the deposit of public moneys by a State official in an official depository passes the title thereto to such depository and that appellees have no property right or interest in the funds as would authorize an action under Title 7, § 73 et seq., Code 1940. The cases cited as authority reveal that in each instance the complainants were seeking to effectuate a preferred claim as against other creditors where the bank (the official depository) had failed. Rushing v. Alabama Nat. Bank, 226 Ala. 621, 148 So. 306; Conecuh County v. People's Bank, 230 Ala. 457, 161 So. 515; Hanover National Bank v. Thomas, 217 Ala. 494, 117 So. 42; Robinson v.

Williams, 229 Ala. 692, 159 So. 239; National Surety Co. v. State, 219 Ala. 609, 123 So. 202. A reading of Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75 and State v. Clements, 217 Ala. 685, 117 So. 296 readily reveals distinguishable facts from the ones here alleged.

This is not a suit against the original depository or its successor to establish a preferred claim as against other creditors or even to establish a debt. As the pleading now stands it is a suit against the Cherokee County Bank for wrongfully and knowingly accepting public funds in payment of the personal obligations of Daniel and his friends.

Under the principles enunciated in the case of Wolffe v. State, 79 Ala. 201, where the facts are almost identical with those stated in the instant bill, the bill of complaint states a cause of action against appellant. See also Davis v. Woodlawn Sav. Bank, 213 Ala. 87, 104 So. 16; Sayre v. Weil, 94 Ala. 466, 10 So. 546, 15 L.R.A. 544.

█ In the case of Williams, Supt. of Banks v. State, for Use and Benefit of Pickens County, 230 Ala. 395, 161 So. 507, it was specifically held that a suit in equity in the name of the State, authorized by Code section 5647 et seq., now Title 7, § 73 et seq., Code 1940, may include all school funds; cause them to be returned to their lawful custodian and to be devoted to the purposes of their creation. See also the authorities cited therein.

█ The mere fact that a judgment was recovered against Daniel is no bar to the instant suit. Title 7, § 74, Code 1940. Both the Cherokee County Bank and Daniel were liable to suit and judgment. But nothing less than satisfaction by one will discharge the other. Wolffe v. State, supra, and'cases therein cited.

The demurrers of appellant were properly overruled.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.

502

On Rehearing

LIVINGSTON, Chief Justice.

On application for rehearing, appellant earnestly insists that our original opinion does violence to the legislative enactment and former opinions of this court dealing with the relationship of debtor and creditor as between official depositories and officials of the various branches of the government.

As we read the bill here involved, the appellee charges that appellant accepted from Joe S. Daniel public moneys, such acceptance being not in the relationship of official depository but as a creditor in payment of personal obligations.

We think it abundantly clear from the allegations of the bill that when Joe S. Daniel gave the Farmers and Merchants "his check on his official account therein and (obtained) in exchange therefor the check, draft or bill of exchange in the amount of $5485.28," the check so obtained was public money in the hands of Joe S. Daniel. The relationship of debtor and creditor as between Joe S. Daniel and his official depository, the Farmers and Merchants Bank ceased when Joe S. Daniel obtained the check, draft or bill of exchange in exchange for the check on his official account.

The bill then alleges that appellant *"when accepting said check, draft or bill of exchange in payment of personal or individual obligations of said Joe S. Daniel and his friends well knew that the same was payable out of public funds * * *."*

So viewed we think the bill states a cause of action under Title 7, Sec. 73 et seq., Code 1940, and leaves unmolested the legislative enactments and former decisions of this court dealing with the relationship of public officials and their official depositories.

The case of Wolffe v. State, 79 Ala. 201, cited in the original opinion, was not cited as controlling in the matter of the relationship between public officials and their official depository but was set forth as sustaining the proposition that a creditor who knowingly and wrongfully receives from a public official moneys which the creditor knows to be public moneys is liable in a suit for the recovery of same.

The gist of the entire matter is here reiterated. "If the Cherokee County Bank knew that Daniel used public moneys to pay his and his friends' personal obligations to the bank, the bank would be liable."

The foregoing should suffice to dispose of this rehearing.

Application overruled.

FOSTER, SIMPSON and STAKELY, JJ., concur.