131 So.2d 858

STATE of Alabama ex rel. W. Raymond WHEELER, as Sheriff,

v.

BOARD OF REVENUE OF COLBERT COUNTY et al.

8 Div. 60.

Supreme Court of Alabama.

June 29, 1961.

Jas. H. Tompkins, Tuscumbia, and Mc-Donnell & Jones, Sheffield, for appellant.

Howell T. Heflin, Tuscumbia, for appellees.

LAWSON, Justice.

This is a mandamus proceeding brought in the Circuit Court of Colbert County by Sheriff W. Raymond Wheeler against the Board of Revenue of Colbert County and its members to require the Board to use Colbert County funds for the payment of an automobile which the Sheriff purchased without prior authority from the Board.

From a judgment denying the peremptory writ, Sheriff Wheeler has appealed to this court.

Sheriff Wheeler obtained the automobile, a 1960 Parklane Mercury, from Motordrome, Inc., of Sheffield, on January 14, 1960, by charging it to the Board.

A few days later, on January 18, 1960, he appeared at a regular meeting of the Board and presented for payment Motordrome's bill for the automobile. The Board did not take favorable action on the Sheriff's request for the reason that it had not authorized the purchase.

On February 1, 1960, Sheriff Wheeler again appeared at a regular meeting of the Board. On this occasion he presented a requisition dated February 1, 1960, for the purchase of the automobile which he had secured on January 14, 1960. The bill from Motordrome, Inc., was attached to the requisition. The requisition was not acted upon by the Board and no purchase order was issued.

An attorney appeared on behalf of Sheriff Wheeler at the regular meeting of the Board held on February 15, 1960, and requested the Board to pay for the Mercury automobile. The minutes of the Board's February 15th meeting show, in part, as follows: "After some discussion the Chairman called for a motion to purchase the Mercury automobile, which had been rejected at a previous meeting. No motion was received and the Chairman declared the request officially rejected."

This mandamus proceeding followed.

The Board was created by Act 131, approved June 23, 1949, General and Local Acts 1949, p. 157. Section 12 of Act 131, supra, was amended by Act 517, approved August 22, 1951 (Acts of Alabama, 1950–51, p. 907), so as to read in material part as follows:

"* * * The Board of Revenue shall purchase all supplies for Colbert

County and no purchase shall be made except at a regular or adjourned meeting of the Board while it is in session and no contract or purchase shall be binding on Colbert County made contrary to the provisions of this Act. The purpose and intent being to require all the purchases to be made by the Board sitting as the Board of Revenue, provided, however, the Board of Revenue or the several members thereof may purchase necessary parts, repairs and materials, books, stationery and supplies, when the cost of such necessary expenditures are not in excess of $150.00 without complying with the provisions of this Act. In case of purchases of materials, books, stationery and supplies where the cost exceeds $150.00 requisitions for such materials, books, stationery and supplies needed by the various officers of Colbert County shall be made to said Chairman of the Board of Revenue who shall present said requisitions to the Board of Revenue at any subsequent meeting and said Board shall, after it has examined said requisition and found same to be correct and if in the opinion of the Board the said materials, books, stationery and supplies for said offices are necessary, direct the Chairman to secure bids from responsible business establishments as required by this Act * * *."

If the provisions quoted above control the purchase of automobiles for the official use of the Sheriff of Colbert County, Sheriff Wheeler concedes that the trial court correctly refused to order the issuance of the peremptory writ of mandamus.

But the Sheriff asserts that those provisions have no application to such purchases.

He says that since the beginning of his present term of office in January of 1959, he has had the right to purchase such automobiles as he chooses without any prior authorization of the Board by virtue of the last sentence of § 7 of Act 642, approved

September 20, 1957 (Acts of Alabama, 1957, p. 972), which section reads:

"The court of county commissioners, board of revenue or like governing body of Colbert County shall provide the judge of probate, sheriff, tax assessor, tax collector, circuit clerk and register of the circuit court with the books, furniture, furnishings, equipment, supplies, postage, services, and other office conveniences necessary for the proper and efficient conduct of the affairs of their offices. *The sheriff shall also be provided with automobiles and automotive equipment of his own choosing.*" (Emphasis supplied.)

The provisions just quoted have been applicable to the Sheriff of Colbert County since the beginning of his present term of office in January of 1959. Act 642 was designed to change the mode of compensation of the Sheriff and certain other Colbert County officials from a fee to a salary basis after the end of their terms of office if a proposed constitutional amendment authorizing such a change was adopted at the polls. The constitutional amendment was proclaimed ratified on December 27, 1957.

Section 12 of Act 131, supra, as amended, was designed to concentrate the purchases of supplies and materials for the use of Colbert County and its officers in the Board to the end that the best prices may be obtained, that waste may be eliminated and that this phase of the County's business may be more economically and efficiently administered in the public interest.

■ Section 7 of Act 642, supra, relating as it does to the furnishing of supplies and materials to certain officers of Colbert County, is in *pari materia* with § 12 of Act 131, supra, as amended, and those two provisions must be considered together. Wyatt v. State, 257 Ala. 90, 57 So.2d 366.

It is clear that the supplies and materials to be furnished the county officers by virtue of the first sentence of § 7 of Act 642, supra, are to be provided according to the

provisions of § 12 of Act 131, supra, as amended.

The last sentence of that section says: "The sheriff shall also be provided with automobiles and automotive equipment of his own choosing." The words "shall also be provided" clearly indicate to us that the Board must certainly provide the funds with which to pay for the automobiles and automotive equipment to be used by the Sheriff.

But what did the Legislature intend by the use of the words "of his own choosing"?

It is the Sheriff's position that by the use of these words the Legislature gave to the Sheriff the right to purchase such automobiles and automotive equipment as he deemed necessary for the efficient operation of his office and that the only connection which the Board has with such purchases is to provide the funds with which to pay for them.

As we have heretofore indicated, the Sheriff takes the position that by using the words "of his own choosing" the Legislature has shown an intent to remove the purchase of automobiles and automotive equipment for the Sheriff's use from the operation of § 12 of Act 131, supra, as amended.

We concede that the construction to be placed on the last sentence of § 7 of Act 642 is not without difficulty, but we do not believe that the Legislature intended by the use of those words to make all of the provisions of § 12 of Act 131, supra, as amended, inapplicable to the purchase of automobiles and automotive equipment for the Sheriff's office.

The words "of his own choosing" have a field of operation. We think they give the Sheriff the right to request any type of automobile which he thinks he needs for the efficient operation of his office and it then becomes the duty of the Board to provide that type automobile in the manner provided by § 12 of Act 131, supra, as amended, if the financial condition of the County will permit. The Board is to honor the Sheriff's requests for automobiles and automotive equipment unless it clearly appears that there is no necessity for the articles requested or that the financial condition of the County will not justify the purchases requested by the Sheriff.

As we have shown, the provisions of § 12 of Act 131, supra, were not followed in the purchase of the automobile in question. It is not made to appear that the Board has acted arbitrarily in refusing to pay for the automobile which the Sheriff purchased without following the procedure prescribed by § 12 of Act 131, supra, as amended.

We hold, therefore, that the trial court did not err in refusing to issue the peremptory writ of mandamus.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.