ALMON, Justice.
Dr. R. Winston Williams appeals from the denial of an injunction which he sought against the Colbert County Hospital Board to have the Board prohibited from applying the Colbert County tobacco tax toward a professional office building. The trial court held that applicable Alabama law did not warrant an injunction. We agree and affirm.
In 1949 the legislature enacted a statute “to authorize in each of the several counties of the state the organization of a public corporation for the purpose of acquiring, owning, and operating public hospitals and *642 other public health facilities in the county _” 1949 Ala. Acts, No. 46, § 1, p. 68; now codified at Code 1975, § 22-21 — 71. In 1957 the legislature authorized the governing body of Colbert County to call an election “for the purpose of determining whether or not the county governing body may levy an additional county privilege or excise tax on tobacco and certain tobacco products.” 1957 Ala. Acts, No. 243, § 1, p. 308 (the Tobacco Tax Act). The proceeds of this tax were to be appropriated “for the use of any public corporation which may be organized in the county for the purpose of acquiring, constructing, equipping, enlarging, improving, operating, and maintaining a hospital in the county,” and could be pledged as security for any indebtedness incurred for this purpose. Id., § 7. In 1975 the legislature amended the 1949 act cited above to broaden the definition of a hospital to be operated in Colbert County to include “one or more buildings designated for use and occupancy as a public hospital, . .. including . . . offices for persons engaged in the diagnosis, treatment or cure of sick or injured persons ’....” 1975 Ala. Acts, No. 798, § 1, p. 1601. The 1949 act definition was similarly amended as to all counties in 1978. 1978 Ala. Acts, No. 468, p. 491; codified at Code 1975, § 22-21-70.
The Colbert County Hospital Board has maintained a hospital since before 1957. Sometime prior to 1978 the Board began planning for a professional office building to adjoin the county hospital and to be rented to doctors who use the hospital. On September 8, 1978, construction began on the professional office building; other substantial renovations and additions to the hospital were to be made at about the same time. Dr. Williams filed this suit on September 12 to have the construction enjoined.
At the final hearing on May 27, 1980, several other Colbert County citizens were added as parties plaintiff; most of them, like Dr. Williams, held an interest in an existing professional office building. The primary ground they relied upon in seeking the injunction was that the Tobacco Tax Act authorized use of the tax revenues only for a hospital as defined when the act was passed in 1957. They contend that the 1975 amendment to the 1949 hospital board act did not affect the Tobacco Tax Act.
We disagree. The statutes are clearly to be read in pari materia; otherwise, how is there to be any “public corporation” to whose use the tax revenues are to be appropriated under the Tobacco Tax Act? State ex rel. Wheeler v. Board of Revenue of Colbert County, 272 Ala. 446, 131 So.2d 858 (1961). 2A Sands, Statutes and Statutory Construction (4th Edition) § 51.03. Because the legislature liberalized the powers of the Board and the facilities which it can operate, the revenues appropriated for the use of the Board may be applied to maintain a “hospital” as now defined.
The judgment denying the injunction is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.